THE PEOPLE ex rel. CYRUS LAWRENCE, Respondent, *v.* THE. BOARD OF SUPERVISORS OF THE COUNTY OF WEST-CHESTER, Appellant.

Where the relator, upon application for a mandamus, takes no issue· upon the allegations of the defendant's affidavits, but proceeds to argument and asks for a peremptory writ, this is equivalent to a demurrer; it is an admission of the truth of the facts alleged in said affidavits, but a denial of their sufficiency in law to prevent the issuing of the writ.

The provision of the appropriation act of 1863 (§ 5, chap. 393, Laws of 1863), providing that county treasurers, upon payment to the State treasurer of the amount of State tax in their hands, may retain the compensation to which they may be entitled, which shall not exceed the. amount now authorized by law, and shall not, *in any case*, exceed the sum of $2,000, was intended as a new and exclusive rule for the whole State, and any prior local act allowing a county treasurer to retain a. greater sum than that specified for receiving and paying over the State tax must yield to, and is limited by, said provision; so that while the rate of compensation may be governed by the local act or by the action of a board of supervisors in pursuance of it, the compensation that the county treasurer may retain or receive either from the State or the county can in no case exceed $2,000.

Accordingly, *held*, where, under the provisions of the act of 1855 (chap. 346, Laws of 1855), in relation to county treasurers' fees in Westchester· county, the board of supervisors of that county fixed the fees at one per cent for receiving and paying out, and where the fees upon the State tax at this rate exceeded $2,000, that the action of the board was inoperative as to the excess, and the county treasurer could not retain that sum out of the State tax and charge the balance to the county.

Where the board of supervisors of said county, in auditing the account of the county treasurer, allowed him such excess, *held*, that a mandamus, upon the application of a taxpayer, would lie requiring the board to reconsider, revoke and annul the audit so far as it allowed to the county treasurer any sum in excess of the $2,000.

*People ex rel. Lawrence* v. *Board of Supervisors of Westchester Co.* (11 Hun, 306), modified.

*Supervisors of Chenango Co.* v. *Birdsall* (4 Wend., 453), distinguished.

(Argued March 19, 1878; decided March 26, 1878.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order

of Special Term directing the issuing of a writ of peremptory mandamus. (Reported below, 11 Hun, 306.)

The relator made application for the writ as a taxpayer of the county of Westchester, upon affidavits which state d in substance, that the State tax, levied in said county for the year 1875, was $337,002.52; that the county treasurer charged for his fees one per cent on all of said sum; that he retained $2,000 and charged to the county $1,370.02, which was allowed to him by defendants. An affidavit on behalf of defendants was presented, which alleged, in substance, that the board of supervisors of said county, by resolution passed in 1869, under and in pursuance of the act, chapter 346, Laws of 1855, in relation to the fees of the county treasurer, fixed the fees of the county treasurer at one per cent for receiving and disbursing, which commissions were allowed him upon the audit of his account; that the amount of the State tax for the year 1875 was not $337,002.52, but was $266,857.38, and that the board allowed one per cent on the excess of said sum, over and above $200,000, upon which the treasurer was allowed one per cent, *i. e.*, $2,000, by the State comptroller.

The material portion of the order is as follows :

"It is ordered and adjudged that a mandamus issue out of and under the seal of this court, directed to the said the board of supervisors of the county, commanding them forthwith to reconsider, revoke, vacate, annul and set aside any and every resolution, order, or other act, or proceeding on their part heretofore made, which allows, authorizes or permits George W. Davids, treasurer of the county of Westchester, to credit himself with, or to take or appropriate to his own use or benefit, the sum of $1,370.02, or any other sum which is in excess of the sum of $2,000, retained by said treasurer for his fees on moneys paid to the comptroller of the State for taxes of 1875, or commissions on the State tax of 1875, and that the said board of supervisors of the county of Westchester forthwith order and direct said treasurer to place said sum of money to the credit of said county."

A writ of mandamus was issued following the language of the order.

*Samuel Hand*, for appellant. The compensation of the county treasurer is a county charge. (1 R. S., 385, § 3.) The board of supervisors of Westchester county is given the power by special act to fix such compensation. (Laws 1855, chap. 346.) The special act of 1855 (chap. 346) was not repealed or altered by the act of 1863 (chap. 393), no such intention being expressed. *In re Cent. Park*, 50 N. Y., 497; *People* v. *Quigg*, 59 id., 88; *Mongeon* v. *People*, 55 id., 616; *Smith* v. *People*, 47 id., 330; *Vanderburgh* v. *Vil. of Greenbush*, 66 id., 1; *Vil. of Deposit* v. *Vail*, 5 Hun, 315.)

*Robert S. Hart*, for respondent. The compensation of the county treasurers of this State, upon the State tax, is limited to $2,000. (Laws, 1863, chap. 393, § 5, p. 666; *People* v. *Devlin*, 33 N. Y., 273.) So far as the State taxes are concerned, a county treasurer is to be treated as a State officer. (*Bd. Suprs. Monroe Co.* v. *Otis*, 62 N. Y., 97; *Suprs. Liv. Co.* v. *White*, 30 Barb., 80; Laws 1866, chap. 696.) The act of 1863 (chap. 393) acted as a repeal of the act of 1855 (chap. 346). (*Roosevelt* v. *Godard*, 52 N. Y., 534; *Newell* v. *People*, 7 id., 97.)

FOLGER, J. The affidavits before us in this case differ in their statements of facts. In such case, if the relator takes no issue upon the allegations of the affidavit of the defendants, and proceeds to argument, and asks for a peremptory writ, that is equivalent to a demurrer ; it admits the truth of those allegations as statements of fact, but denies their sufficiency in law to prevent the issuing of the writ. (*People ex rel.* v. *The B'd of App't*, 64 N. Y., 604.) The affidavit furnished by the defendants shows that they allowed the county treasurer one per centum upon the sum of $266,857.38, less $2,000 allowed to him by the comptroller of the State.

A few figures made, show that the amount allowed by the defendants upon that basis was $668.57. The difference in the statements of amounts allowed, in the two affidavits, arises from the difference in the statement of the amount of the State tax. The amount of that tax above given is that which is alleged in the affidavit of the defendants.

Then the question is, whether even that amount should have been allowed. The defendants were once authorized by law, to allow the treasurer of their county one per centum on all sums received and paid out by him. (Laws of 1855, chap. 346, § 1, p. 622.) In 1863, in the general appropriation bill of that year (Laws, chap. 393, § 5, p. 665), the Legislature provided that the several county treasurers of the State, on or before the first day of April in each year, should pay to the State treasurer the amount of State tax raised and paid over to them respectively, retaining the compensation to which they might be entitled, not exceeding the amount authorized by law, and not *in any case* exceeding $2,000. It is a rule, that where there are no words of explicit repeal in a later act, it does not repeal by implication a former act, unless the later enactment is so repugnant to the former as that they both cannot exist together.

This rule applies, in an especial manner, where the former enactment is local and the later one is general. Yet, if it is plain, that the Legislature meant to make a new and exclusive rule for the whole State and for all cases, the local act must yield to the later general act. It is plain, that this fifth section of the act of 1863, meant to include every county treasurer in the State, and to require from every such officer, payment of the State tax into the State treasury by the first day of April in each year. It is plain, that it meant to affect the compensation of every county treasurer, and to restrict him to the legal recompense, and not to permit that to go beyond $2,000. The emphatic words " *in any case,*" with which the provision above given ends, points the restriction to every county treasurer and to every locality in the State, and overrides every other provision in regard to compensa-

tion which would allow more than that sum, so far as an excess over that sum is concerned. But it is claimed, that it relates only to the compensation which may be retained from the State treasury, and not to that which any county may, under any law, elect to give a county treasurer. This, however, depends upon this notion: Is it not the purpose of the statutes and the practice of the government that, whatever compensation the county treasurer may receive for receiving and paying over the State tax, is to be paid in effect by the State, by the county treasurer retaining the same, from the payment made by him, on account of the State tax, to the State treasurer. We think that such is the law and the practice. Then the effect of those laws, which give to boards of supervisors the power to fix the compensation of county treasurers, is this : That they may fix it at so much to be paid by the State, and so much by the county. This being so, a general act, which limits the amount of compensation from the State treasury, is hostile and repugnant to an act which allows a local authority, to give a rate of compensation which will yield more to the officer for the receipt and payment of the State tax ; and being so, the local act must fall *pro tanto*. We are, therefore, of the opinion that the board of supervisors of Westchester county may name a rate of compensation for the treasurer of that county as high as one per centum ; but, if that will give him more than $2,000 on the moneys paid by him to the State treasurer, it is inoperative above that amount as to those moneys, though, on all other moneys, it is operative in full, whatever may be the sum which the compensation reaches.

It follows from this that the county treasurer in the case before us had no right to retain, as his fees, on receiving and paying over the State tax, more than $2,000 ; and that the board of supervisors erred in auditing his account made upon a different theory ; and that the writ of mandamus was properly sent to them, unless some of the minor objections made by them are valid.

It is said, (as one of these), that the writ will not remedy

the difficulty or afford the relief sought.   It will remove the adjudication upon the accounts of the treasurer made by the board.   This was made in a matter, and as to the accounts of an officer, where it had jurisdiction.   It was not void; it was erroneous, as it proceeded on a wrong notion of the law. Thus, if the writ goes, the treasurer is left without the protection of that audit, and must answer to any authoritative tribunal upon the facts and the law of his case as they will appear.

We do not think that the doctrine of *Sup. of Chenango* v. *Birdsall* (4 Wend., 453) applies in this case.   That was a raking over, by action on the bond of a county treasurer, of his accounts for a series of years, after they had been passed upon and settled by the predecessors in office of the plaintiffs in that case.   It was put upon the ground of a final settlement having been made, with knowledge of all the facts, and after the calming of differences of opinion as to the propriety of the charges made by him.   The judgment was, that a subsequent board could not ignore that settlement and open the accounts again and sue.   The case is different here.   This is the same board which passed the resolution.   A taxpayer intervenes, and asks the command of the court to that board to rectify a legal error into which it had fallen.   Upon the whole then we are of the opinion that a writ of mandamus was authorized.   It has been noticed that the amounts alleged, and admitted to have been retained by the treasurer, are not the same in the two affidavits.   If the writ absolutely affected the amount, it would need to be amended; but it is in the alternative.   It names the sum of $1,370.02; but it adds, "or any other sum which is in excess of the sum of $2,000." The writ can be obeyed under our decision, by demanding of the treasurer, or by not auditing to him, the sum named in the defendants' affidavit.   As the appellants have obtained something by their appeal, to wit, a reduction of the sums practically adjudged, they should pay no costs in this court; as they have not obtained all that they claimed, they should not recover costs here.

And the order should be modified in accordance with these views, without costs to either party as against the other.

All concur.

Ordered accordingly.