THE PEOPLE, ex rel. THE HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, Appellant, *v.* CHARLES G. FAIRMAN, Respondent.

Where, upon motion for a peremptory writ of *mandamus*, the defendant reads affidavits justifying his action, and controverting the allegations of the relator, and the latter, without introducing further papers or asking for an alternative writ, proceeds to argument, this is equivalent to a demurrer, and he cannot complain if the court pass upon the motion instead of ordering an alternative writ.

After a decision denying such motion, a motion on the part of the relator to modify the order so as to permit an alternative writ to issue is addressed to the discretion of the court, and its decision thereon is not reviewable here.

(Argued November 28, 1882; decided March 6, 1883.)

APPEAL by the relator from an order of the General Term of the Supreme Court, in the third judicial department, made September 23, 1882, which affirmed two orders of Special Term, one of which denied the motion of the relator herein for a peremptory *mandamus*, and the other denied relator's motion to modify or amend the first order so as to permit an alternative writ to issue.

*Ludlow Fowler* for appellant. If there was, on the hearing of the original motion for a peremptory *mandamus*, any disputed issue of a material or principal fact, it was error to deny

the motion, the court should have directed an alternative *mandamus* so as to try such issue of fact. (Tapping's Mandamus, 6, 285–303; 3 Blackst. Com. 111; Preface to Wycke's N. Y. Pr. [ed. 1794]; Graham's Juris. 310; Monell's Pr. [2d ed.] 226; *People, ex rel. Bullard*, v. *Contracting Board*, 20 How. Pr. 206; preliminary note to article 4, title 2, chap. 16, Throop's Code Civil Pro.; Tapping's Mandamus, 303; Graham's Juris. 311; 2 Crary's N. Y. Pr. 64; *People, ex rel. Mott*, v. *Sup'vrs of Greene Co.*, 64 N. Y. 600; *People, ex rel. Wasson*, v. *Schuyler*, 69 id. 247; *People, ex rel. Cagger*, v. *Sup'vrs*, 2 Abb. Pr. [N. S.] 82, 83; *Ex parte Jennings*, 6 Cow. 518; *Barnet* v. *College of Physicians*, 7 How. Pr. 293; *Com. B'k* v. *Canal Com'rs*, 10 Wend. 30–31; *People, ex rel. Cagger*, v. *Sup'vrs of Schuyler*, 2 Abb. Pr. [N. S.] 82; *People, ex rel. Mott*, v. *Sup'vrs of Greene Co.*, 64 N. Y. 600; *People, ex rel. Wasson*, v. *Schuyler*, 69 id. 247; *People, ex rel. Henry*, v. *Nostrand*, 46 id. 375.) By proceeding to a final determination of the relator's ultimate right on a contested motion, without directing an alternative writ to issue, the court below virtually and in conformity to the long-established practice on like motions, must have decided that there were no principal issues of fact to be first determined, and that relators' right, in the first instance, depended solely on matters of law. (Tapping's Mandamus, 303; *People, ex rel. Cagger*, v. *Sup'vrs*, 2 Abb. [N. S.] 82; *People, etc.*, v. *Brennan*, 39 Barb. 522–539; *People, etc.*, v. *Green*, 3 Hun, 208; *People, ex rel. Mott*, v. *Sup'vrs of Greene Co.*, 64 N. Y. 600; Code of Civil Pro., § 2070.) Because the relator moved the peremptory writ, it did not thereby abandon the right, by the practice indicated, to have the alternative writ awarded. (*People* v. *Sup'dt*, 73 N. Y. 173.) The appellate courts review applications of this sort freely, both on the ground of error of law and of errors in the exercise of the discretion in the court below. (*People, ex rel. Wasson*, v. *Schuyler*, 69 N. Y. 242.)

*R. W. Peckham* for respondent. The denial of the motion in this proceeding, made by the relator, after the denial of its motion for a peremptory writ, was proper. (*People, etc.*, v.

*Sup'vrs*, 73 N. Y. 173.) The original order refusing the *mandamus* was right. (*Paul* v. *Virginia*, 8 Wall. 168; *Doyle* v. *Cont'l F. Ins. Co.*, 94 U. S. 535.)

RAPALLO, J., The reasons assigned in the opinion of the court at Special Term, for denying the peremptory writ of *mandamus* there applied for, were in our judgment quite sufficient to justify the conclusion reached.

The relator cannot now complain that the court passed upon the motion for a peremptory writ, instead of awarding an alternative writ. The motion was for a peremptory writ, and it does not appear that any application was made for an alternative writ, but on the contrary, that after the respondent had read affidavits in justification of his own action, and controverting the allegations of the relator, the latter, without introducing any further papers, proceeded to argue and submit his motion for a peremptory writ, on the papers then before the court, in the face of the rule declared in *People* v. *Supervisors* (73 N. Y. 173), that such a course is equivalent to a demurrer to the facts set up by the respondent.

The order denying the motion for a peremptory writ should consequently be affirmed.

After the decision of that motion, the relator made a further motion to modify the order thereon, so as to permit an alternative writ to issue. This last motion was addressed to the discretion of the court, and its decision thereon is not reviewable here.

The appeal from this last order should be dismissed, with costs of one appeal.

All concur.

Ordered accordingly.