# SECOND DEPARTMENT,

AT

## GENERAL TERM,

### May, 1886.

. 40 353
. 6ap 89

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
PETER C. ROOSEVELT, Appellant, *v.* THE BOARD
OF SUPERVISORS OF WESTCHESTER COUNTY,
Respondent.

*Local act — when not repealed by a general one—chapter* 143 *of* 1840 *was not repealed
by chapter* 615 *of* 1857.

Chapter 615 of 1857, providing that in "*every* town in the State" the town
meeting could, by vote, authorize an additional amount of $750 to be raised
for the improvement of roads and bridges, beyond the $500 allowed to be
raised for that purpose by existing laws, did not repeal chapter 143 of 1840,
conferring upon the town of Pelham an unlimited power to vote moneys for
the repairs of highways, except that it must not be less than the law required
of other towns.

Appeal from an order, entered in Westchester county, denying
an application for a peremptory writ of *mandamus*, compelling the
board of supervisors of Westchester county to reconsider and
rescind a resolution directing that a tax be levied upon the taxable
property of the town of Pelham, in accordance with a resolution
passed at the town meeting, providing for the raising of money to
be used in macadamizing certain roads.

*C. H. Roosevelt*, for the appellant.

*C. E. Kene* and *William N. Dykman*, for the respondent.

Hun—Vol. XL      45

BARNARD, P. J. :

By the Revised Statutes the commissioners of highways in the several towns of the State were permitted, in addition to the labor assessed by law, to raise a sum of money for the improvement of roads and bridges. The amount at first was limited to $250 per year, and that was extended so that the town meeting could vote an additional $250. By chapter 143, Laws of 1840, the town of Pelham was given an unlimited power to vote moneys for the repairs of highways, except that it must not be less than the law required of other towns. In 1857 (chap. 615, Laws of 1857) the legislature provided that in "every town in the State" the town meeting could, by vote, authorize an additional amount of $750 in any year to the $500 possible by existing laws. This act did not in terms repeal the special acts referring to Pelham, but did repeal all laws inconsistent with it. The rule in respect to the repeal of a preceding law by a new one is that the laws must be so inconsistent and irreconcilable that they cannot stand together. Especially is this the case when the special law is local and the subsequent one general. . (*People* v. *Supervisors, etc.,* 73 N. Y., 173.) Under this rule the local act for Pelham is not repealed by the general one. The words "every town" can operate on every town where there is no local law. The two acts can be operated harmoniously at the same time — the local one in its locality and the general one elsewhere. There is no reason that can be urged which will limit the legislature's intent to any particular species of road construction. The words of the statute are very general. The Revised Statutes legislate for the improvement of roads and bridges; the local law for the repair of the highways, and the law of 1857 returns to the use of words of the Revised Statutes, "improvement of roads and bridges." Pelham was to have power to raise without limit for precisely the same purpose as the other towns which were restricted in their powers of taxation.

The argument that covering the roads with broken stone is not within the intent of all these statutes does seem to rest on a solid basis. It is the usual way to improve or repair a highway. The act in respect to Pelham park, under the jurisdiction of the city of New York, does not take away the obligation on the part of Pelham to repair the highways until the park is taken. The use of

words that the act creating the park shall take effect at once does not of itself discharge the town. It is only on the confirmation of the report of commissioners that the city of New York gets the fee, and it is an important question whether the roads in the proposed park are taken. Certainly the roads in it are not yet to be. kept in repair by New York.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order denying writ of *mandamus* affirmed, with costs and disbursements.