### PEOPLE *ex rel.* FRASER *v.* BOARD OF AUDITORS.

*(Supreme Court, Special Term, Delaware County.* June, 1888.)

JUSTICES OF THE PEACE—JURISDICTION—OFFENSES COMMITTED IN ANOTHER COUNTY—COSTS.
    Laws N. Y. 1847, c. 455, amendatory of Laws 1845, c. 180, § 26, and providing that a warrant issued by a magistrate outside of the town where an offense is com-

mitted shall direct the offender to be taken for trial before a magistrate of the latter town, which shall be liable for the expense of the proceedings, and that the magistrate issuing the warrant shall be entitled to no compensation other than for issuing the warrant, though he does not lose jurisdiction of the case, is, so far as it specifies the trial magistrate, and the extent of his compensation, repealed by implication by Code Crim. Proc. §§ 150, 151, 158, 161, 164, providing that the offender shall be taken before the magistrate issuing the warrant; and a justice of the peace so issuing a warrant may recover of the town wherein the offense was committed his full fees for issuance of warrant and trial

On motion for peremptory writ of *mandamus*.

The relator, R. A. Fraser, justice of the peace of the town of Delhi, Delaware county, on complaint duly made, issued on the 10th of September, 1887, a warrant, returnable before himself, for the arrest of one Arthur Murray, charged with the commission of a petit larceny in the town of Bovina, in said county. Murray was arrested, and tried before the relator, who submitted to the board of audit of the town of Bovina his account for fees in the proceedings. The board allowed fees for issuing the warrant, but disallowed the fees for trial; claiming them to be an illegal charge. The relator, *on notice* to the board, moved for a peremptory writ of *mandamus*, requiring them to audit and allow the account.

*R. A. Fraser*, relator, *pro se.*   *E. D. Wagner*, for defendant.

PARKER, J.   Prior to 1845, all warrants issued by a justice of the peace must require the offender to be brought before the justice issuing them, (Rev. St. pt. 4, c. 2, tit. 2, § 3;) and the accused, when arrested, must be taken before such justice, except in two instances,—one when arrested in another county for a crime less than a felony, (sections 7 and 8;) and the other, in case the justice was absent, or his office vacant, the accused must be taken before the nearest magistrate in the same county, (section 12.)   Thus, whether the offense was committed in the town where the justice resided or not, under the Revised Statutes the warrant must be made returnable before the one who issued it, and the proceedings thereon must be conducted before that one. Under such statute, also, the fees of magistrates for such proceedings were a charge upon the town in which they lived, notwithstanding the offense may have been committed in some other town.   By the Laws of 1845, c. 180, § 26, it was enacted that the fees of magistrates in such proceedings shall be paid by the several towns wherein the offense shall have been committed, and all accounts rendered for such proceedings shall state where the offense was committed.   The section also further provides that, where any magistrate residing out of the town where the offense shall have been committed shall issue a warrant, it shall authorize the officer to take the offender before some magistrate residing in such town, to be further proceeded against; "and the magistrate issuing such warrant shall not be allowed *any compensation for any further proceedings in any such case, beyond issuing the warrant.*" By chapter 455, Laws 1847, such section was amended, among other things, by providing that the magistrate issuing the warrant should not lose jurisdiction over the trial and proceedings against any such person.   The other amendments were not important to this question, and in both acts cases of felonies were excepted.   By the Revised Statutes, any fines imposed in such proceedings, if paid to the magistrate before commitment, were to be by him applied, first, to paying the expenses of the proceedings, and the balance to the county treasurer for the county.   If paid to the sheriff, after commitment, he was to pay the whole fine to the county treasurer.   Part 4, c. 2, tit. 3, art. 4, §§ 45, 46.   By the above cited statutes, (1845, 1847,) all fines imposed by the magistrate in such cases shall be credited to the town where the offense was committed.   It will be seen that by these statutes a decided change was made in such proceedings, both as to issuing the warrant and the payment of the expenses incurred; and, if the statute of 1847 is still in force, it is

plain to see that the relator had no claim against the town of Bovina for more than the board allowed him. But he claims that such statute has been repealed by the Code of Criminal Procedure. It has not in terms, or by any direct provision, been repealed. It remains to be considered whether it has been repealed by implication. By section 150 of the Code, the justice is required to issue a warrant in all cases, on sufficient complaint made; and by section 151 such warrant is, in substance, required to be returnable before himself, except in case of his absence or inability to act; and sections 158, 161, 164, all require that the person arrested be taken before the justice who issued the warrant, except when the justice is absent or unable to act, or the prisoner is arrested out of the county for a crime less than felony. No exception is made for a case when the justice issuing the warrant resided out of the town where the crime is committed, and the provisions of the statute of 1847 are entirely ignored. By sections 699, 741, the magistrate must try the offender when brought before him, if the cause is triable in special sessions; and by section 56 the jurisdiction of such courts extends throughout the county. So, also, by sections 726 and 727, any fines collected in such cases must be paid to the county treasurer.

It seems clear that the provisions of the act of 1847, so far as requiring a warrant to be returnable before some magistrate in the town where the offense was committed, and giving such magistrate jurisdiction to proceed with the case, are inconsistent with and repugnant to the provisions of the Code. It can hardly be supposed that the legislature intended the provisions of these sections to apply only to cases occurring in the magistrate's own town, and to leave the provisions of the act of 1847 to stand as authority in cases where the crime was committed in another town. The Code is general in its nature, and purports to apply to all criminal proceedings. It is entitled "An act to establish a Code of Criminal Procedure," and was passed for the purpose of blending into one intelligent and consistent act all the various proceedings necessary in administering the criminal law. It covers the whole subject-matter of the statute of 1847, so far as the mode of arresting and examining a person charged with crime is concerned; and, to that extent, seems to have deliberately returned to the procedure adopted by the Revised Statutes, and to have repudiated the change made by the acts of 1845 and 1847. To this extent I am not able to reconcile the provisions of the two acts, and therefore I conclude that those of 1847 are repealed. *Bowen* v. *Lease*, 5 Hill, 225; *People* v. *Supervisors*, 73 N. Y. 173; *People* v. *Supervisors*, 85 N. Y. 323, 330. Assuming that the authority of the justice to issue a warrant returnable before a magistrate of the town where the offense was committed is repealed, does it follow that so much of the act that prohibits his receiving fees for proceedings, after issuing the warrant, is repealed? I am inclined to think that it does. The plan of the statute of 1847 was that a magistrate of the town in which the offense was committed should perform all the services after the arrest was made, and a method was provided by which he could obtain jurisdiction of the case, viz.: by authorizing the warrant to be made returnable before him. But still, such act recognized the duty of every magistrate to issue a warrant of arrest upon proper application made to him, and therefore retained for him compensation for such services as he must necessarily perform. But the Code of Procedure has deprived the magistrate of another town from sending the case to a magistrate of the town where the offense was committed, and from thus relieving himself from the duty of further proceeding with it. Under the Code, he must not only order the arrest, but he must proceed with the examination or trial; and if this provision of the act of 1847 is to stand, in connection with the requirements of the Code, the justice is compelled to render official duties for which he can obtain no compensation. So, also, the Revised Statutes, and the many subsequent acts which give a justice fixed fees for such services, must, so far as these cases are concerned, be deemed,

repealed by implication when the Code went into effect, if the two statutes can stand together. The act of 1847, in effect, provided that in those cases the justice might send all proceedings after arrest to another justice, or retain jurisdiction of them, as he chose. But, if he chose to retain the case before himself, he could have no fees for the further proceeding. I conclude that the repeal of that privilege also repeals the prohibition connected with it. The scheme and plan of the act of 1847 cannot, in this respect, be carried out under the provisions of the Code, and therefore all the provisions on that subject are, by implication, repealed. *People* v. *City of Brooklyn*, 69 N. Y. 605. The provisions of the act of 1847 fixing the obligation to pay the expenses of the arrest, examination, and trial upon the town where the offense is committed are not, however, repealed by the Code. There is nothing inconsistent in such provisions with the requirement that the magistrate who first obtains jurisdiction, by issuing a warrant, shall finish the proceedings. It is not indispensable that the criminal be tried or examined in the town which is to pay the expense of the proceedings, and to that extent the act of 1847 may well stand with the provisions of the Code. *Mongeon* v. *People*, 55 N. Y. 613. I conclude, therefore, that, owing to the repeal of the prohibition contained in the statute of 1847, the relator was entitled to his lawful fees for all the proceedings taken before him, and that such fees are still a lawful charge against the town where the offense was committed. There is no question made over the correctness of his charges, but the defendants refuse to act upon all charges for services rendered after issuing the warrant, on the ground that the town is not responsible for any service rendered in the proceeding after that act. In this respect I think they erred. As all the material facts are conceded, and argument has been made on the part of the defendants upon the only point in the case, I think the relator should be allowed his order for a peremptory writ requiring the board, at its next session, to audit and allow the account presented.