## In re SCHMITT.

*(Supreme Court, General Term, Third Department. July 7, 1890.)*

**1. INSURANCE—MUTUAL BENEFIT ASSOCIATIONS.**

Laws N. Y. 1889, c. 520, § 3, provides, with reference to the preliminary organization of fraternal beneficiary societies, that when, among other things, a sworn statement has been filed that at least 200 persons have made application in writing for membership in such an association, the superintendent of insurance shall issue a license, etc. The section further provides that when the license has been filed, and when at least 200 persons have subscribed in writing to be beneficiary members, etc., such persons shall be constituted a body politic and corporate, etc. *Held,* that it was necessary, in order to become a body corporate under the law, not only for the prescribed 200 persons to make application for membership before the issuance of the preliminary license, but they must subscribe in writing to be beneficiary members after the issuance of the license.

**2. SAME—MANDAMUS TO SUPERINTENDENT OF INSURANCE.**

The act provides that the application for membership in such an association shall be made in good faith, and that, when the superintendent of insurance shall have certified that they have complied with the provisions of the act, the proposed corporators shall be constituted a body politic, etc. *Held* that, the superintendent having refused to issue such a certificate on the ground that the membership of the proposed association was not entered into in good faith, *mandamus* would not issue to compel him to issue such certificate; his duties in the premises being judicial in their nature.

**3. SAME.**

On application for *mandamus* to compel the issuance of such certificate, allegations in the affidavits of the superintendent that the provisions of the said act have not been complied with will be taken as true, where the relator proceeds to argument without controverting them.

Appeal from special term.

In the matter of the application of August W. Schmitt and the Order of the International Fraternal Alliance for a peremptory writ of *mandamus* to compel Robert A. Maxwell, as superintendent of insurance, to issue a final certificate entitling the Order of the International Fraternal Alliance to become a body politic and corporate. From an order denying the writ the applicants appeal.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*James C. de la Mare,* for appellants. *Charles F. Tabor,* Atty. Gen., for respondent.

LANDON, J.  The order of the special term should be affirmed—

1. Because the superintendent, in his opposing affidavits, denies· that the relator has complied with the provisions of section 3, c. 520, Laws 1889, and the relator, by proceeding to argument without controverting the opposing affidavit, admits its allegations.  *People* v.|*Supervisors*, 73 N. Y. 173; *People* v. *Fairman*, 12 Abb. N. C. 252; *People* v. *Cromwell*, 102 N. Y. 477, 7 N. E. Rep. 413.  The relator contends that the denial is apparent, rather than real, and that facts stated show that the relator has complied with the provisions of the section cited.  Chapter 520, Laws 1889, is entitled "An act in relation to fraternal beneficiary societies, orders, or associations."  Section 1 provides that any number of persons, not less than nine, may associate together upon the mutual assessment plan, and form an association for the relief of its members, as therein afterwards prescribed, and not otherwise.  Section 2 provides a plan for preliminary organization.  The associates shall file in the office of the superintendent of the insurance department a declaration, signed and acknowledged by each of them, which shall express their intention to form the association, its name, method of business, official title of officers, etc.  Section 3 provides that, with the filing of the declaration, there shall be filed the sworn statement of three of the corporators that at least 200 persons eligible to membership under the proposed laws of said association have in good faith made application in writing for membership.  This declaration and sworn statement must then be referred to the attorney general, who, if he find the same conformable to the act, shall so certify; and then the superintendent shall record the declaration and certificate, and deliver to the association a certified copy of all of the papers, and also a license to carry on the work of the society as proposed.  It is conceded that thus far the provisions of the act were complied with, and that the superintendent of the insurance department issued the license to the society.  Section 3 further provides: "Upon such certified copy and license or certificate being filed in the office of the superintendent of insurance, and when at least two hundred persons have subscribed in writing to be beneficiary members therein, the total beneficiary amount to be not less than four hundred thousand dollars, and have paid in one full assessment in cash, amounting to at least one per cent. thereof, and the superintendent of the insurance department shall have certified that it has complied with the provisions of this act, and is authorized to transact business, the said corporators, and those that may hereafter become associated with them, or their successors, shall be constituted a body politic and corporate," etc.  It will be seen that, in order to obtain the preliminary license, at least 200 persons must first make application for membership, and that after the preliminary license is issued at least 200 persons must subscribe in writing to be beneficiary members therein.  In the first instance, 200 persons must apply for membership; and, when the license "to carry on the work" is issued, they, or an equal number, must actually become members.  The issue presented by the superintendent of insurance is that, after he issued his license, the applicants for membership took no further steps to become members, but relied upon their previous application as a sufficient compliance with the act.  The papers presented by the relator confirm this position.

2. The affidavit of the superintendent of insurance further shows that he caused an investigation to be made, and thereby ascertained that the persons who are alleged to have made application for membership are nearly all members of a similar association in the state of Maryland, and that the proceedings taken in this state were with the view to transfer the membership from the Maryland association to the New York association, and that the money paid for that purpose was not paid by the members themselves, but by the Maryland association; that such payment has the appearance of a loan; and that the transactions, which he gives at considerable length, lead him to conclude that the actual membership has not, in good faith, been entered into,

nor has the payment required been made in good faith; and hence he makes the denials set forth in his affidavit. We may accept these denials as his findings of fact. In discharging the responsible duty of determining whether the proposed association had in all respects complied with the provisions of the act, the superintendent of the insurance department has a judicial duty to perform. *People* v. *Chapin,* 104 N. Y. 369, 11 N. E. Rep. 383; *People* v. *Barnes,* 114 N. Y. 317, 20 N. E. Rep. 609, and 21 N. E. Rep. 739; *People* v. *Common Council,* 78 N. Y. 33. In such a case, *mandamus* will not lie. Id. It is plain that the superintendent was confronted with a grave question of fact, not only judicial in its nature, but one requiring the special facilities and qualifications which that officer is presumed to command and possess. Unless he determined it in favor of the society, no occasion for the ministerial duty of issuing the final certificate exists. Order affirmed, with costs.

MAYHAM, J., concurs. LEARNED, P. J., takes no part.