(3 Misc. Rep. 131.)

PEOPLE ex rel. KELLNER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Superior Court of New York City, Special Term. March, 1893.)

1. POWER OF LEGISLATURE—VALIDATING ILLEGAL CONTRACT WITH CITY.
   Relator's firm sold furniture to the fire department of defendant city in 1873, but, as one of the members of the firm was an alderman at that time, the bill was not collectible, on account of a statute prohibiting certain officers from being interested in any contract with the city, and making such contracts illegal. In 1888 the legislature passed an enabling act, authorizing the board of estimate and apportionment to examine the claim of relator's firm, and determine what sum thereon "is justly due and owing, and right, in equity and justice," and the statute of limitations was not to be regarded as a bar to the demand. *Held*, that the passage of the act was a valid exercise of legislative power.

2. MANDAMUS—ENFORCEMENT OF ENABLING ACT.
   Though the statute is permissive in terms, the authority to audit carried with it the duty, and mandamus will lie to compel the board to audit the claim.

Application by the surviving members of the late firm of Kehr, Kellner & Co. for a peremptory writ of mandamus to compel the mayor, etc., of the city of New York, to audit a claim for furniture supplied by the firm to the fire department of defendant city. Writ granted.

R. Davidson and I. L. Miller, for relators.
Wm. H. Clark, Corporation Counsel, and D. J. Dean, opposed.

McADAM, J. The late firm of Kehr, Kellner & Co. supplied furniture to the fire department in March, 1873, to the value and amount of $1,083. Kehr, at the time, was an alderman; and by force of the act of 1870, c. 137, § 115, prohibiting certain officers therein named from being interested in any contract with the city, the transaction with Kehr's firm was made illegal, so that no recovery could be had upon it. Mullaly v. Mayor, 3 Hun, 661. To remove this obstacle to the collection of said demand the legislature passed an enabling act, (Laws 1888, c. 89,) authorizing the board of estimate and apportionment to examine said claim, and to fix and determine what sum "is justly due and owing, and right, in equity and justice," to be paid to said firm, and the statute of limitations was not to be regarded as a bar to the demand. This act could have had but one purpose, and that to deal with the claim of the relators according to "equity and justice;" that is, without regard either to the statute of limitations, or the technicalities thrown in the way of its collection by the act of 1870, supra, and by the decisions in the Mullaly and kindred cases. The passage of the act was a valid exercise of legislative power, for, as the court said in Town of Guilford v. Supervisors of Chenango Co., 13 N. Y. 149, "the legislature is not confined, in its appropriation of the public moneys, * * * to cases in which a legal demand exists. * * * It can thus recognize claims founded in equity and justice, in the largest sense of these terms, or in gratitude and charity." The authorization was not one which the board

might disregard at pleasure. The authority to audit carried with it the duty, and this of a mandatory character. In Mayor, etc., v. Furze, 3 Hill, 612, Chief Justice Nelson, after citing and commenting on many cases, laid down the rule that where a public body or officer has been clothed by statute to do an act which concerns the public interest, or the rights of third persons, the execution of the power may be insisted on as a duty, though the phraseology of the statute be permissive, and not peremptory. In such cases the word "may" is tantamount to "shall." The same principle runs all through the books. Phelps v. Hawley, 52 N. Y. 23; People v. Supervisors of Otsego Co., 51 N. Y. 401; People v. Supervisors of Livingston Co., 68 N. Y. 114; Hagadorn v. Raux, 72 N. Y. 583; Cain v. City of Syracuse, 95 N. Y. 83.

The proceeding was properly brought in the name of the surviving members of the firm, (Williams v. Whedon, 109 N. Y. 333, 16 N. E. Rep. 365;) and as there is no legal answer to the application the relators are entitled to a peremptory writ commanding the board to perform its duty under the enabling act, before referred to, and in accordance with its provisions.