THE PEOPLE OF THE STATE OF NEW YORK ex rel. R. A. FRASER, Respondent, *v.* THE BOARD OF AUDITORS OF THE TOWN OF HAMDEN, Appellant.

*Warrant returnable before a justice of the town where the offense was committed— the prohibition as to fees in chapter 453 of the Laws of 1847, inoperative — mandamus — objection that the relator has another legal remedy.*

The right given by chapter 453 of the Laws of 1847 to make a warrant, issued by a justice of the peace of a town in which the offense charged was not committed, returnable before a justice of the town where the offense was committed, was taken away by the provisions of the Code of Criminal Procedure, and the prohibition as to fees for services beyond the issuing of the warrant, contained in such act, became inoperative.

In a mandamus proceeding, brought by a justice of the peace of the county of Delaware, residing in the town of Delhi, for the recovery of his fees in certain cases, it appeared that he had issued warrants for the arrest of certain parties who were charged with the commission of offenses in the town of Hamden in that county; that the parties were arrested, brought before the justice and the proceedings in each case continued before him as a Court of Special Sessions to their determination. He presented his account to the board of auditors of the town of Hamden, but it was rejected, and the board refused to audit and allow the same or any part thereof.

On appeal from an order directing that a mandamus issue commanding the board of town auditors to audit the account, it was objected that the motion for a mandamus should have been denied because the relator had another legal remedy, in that he had a right to appeal to the board of supervisors, under the provisions of chapter 832 of the Laws of 1866.

*Held,* that as the objection had not been taken at the Special Term, it was not a good ground for reversal.

*Semble,* that the objection, even if available on appeal, would not be well taken.

Appeal by the defendant, the Board of Auditors of the town of Hamden, from an order of the Supreme Court made at the Delaware Special Term and entered in the office of the clerk of the county of Delaware on the 10th day of May, 1890, granting a peremptory writ of mandamus to the relator against the defendant.

*Abram C. Crosby,* for the appellant.

*R. A. Fraser,* for the respondent.

Merwin, J.:

In the year 1889 the relator was a justice of the peace in and for the county of Delaware, residing in the town of Delhi. In January of that year, upon proper application, he issued warrants, in due form of law, for the arrest of certain parties who were charged with the commission of offenses in the town of Hamden in said county. The parties were arrested and brought before the relator, and the proceedings in each case were continued before him, as a Court of Special Sessions, to their determination. The claim of the relator in question, in this case, is for his fees in those cases. He presented his account in due form to the board of auditors of the town of Hamden, at their annual meeting in November, 1889, but the board rejected it, and refused to audit and allow the same, or any part thereof. The present proceeding was commenced about January 1,

PEOPLE ex rel. FRASER v. BD. OF AUDITORS. 463

Hun.] FOURTH DEPARTMENT, SEPTEMBER TERM, 1893.

1890. There was no dispute at the Special Term about the facts. Nor is the correctness of the bill of plaintiff disputed, assuming that it is a proper one to be allowed.

By section 26 of chapter 180 of the Laws of 1845, as amended by chapter 455 of the Laws of 1847, it is provided as follows: "And whenever any criminal warrant or process shall be issued by any magistrate residing out of the town or city wherein the offense shall have been committed, it shall authorize the officer executing the same to carry the person charged with an offense under this act, before any magistrate resident and being in the town or city wherein such offense shall have been committed, to be proceeded against according to the provisions of the fifteenth section of this act; but the magistrate issuing such warrant or process shall not lose any jurisdiction over the trial and proceedings against such persons by reason of anything herein contained, nor shall such magistrate be allowed any compensation for any further proceedings in any such case beyond issuing such warrant or process."

The claim of the appellant is that this statute is still in force, and that under it the relator had no legal claim against the town, at least for any fees for services beyond the issuing of the warrants.

This precise question was fully considered by Justice PARKER in case of *The People ex rel. Fraser* v. *Board of Auditors of Bovina* (17 N. Y. St. Repr. 872), and it was there held that the authority and requirement, in the act of 1845, to make the warrant returnable before a magistrate of the town where the offense was committed, were in effect repealed by the provisions of the Code of Criminal Procedure, and that with such repeal the prohibition as to fees became inoperative.

For the reasons stated in the opinion in that case, we are inclined to concur in the view that the right given by the act of 1845 to make the warrant returnable before a justice of the town where the offense was committed, was taken away by the provisions of the Code of Criminal Procedure.

The prohibition as to fees applies only to the cases within the scope and under the control of the quoted provision of the act. The phrase "any such case," refers only to cases where the power is given to transfer to a justice of the town where the offense was committed. That was an essential element to the prohibition, and that

element being absent, the main reason and ground for the prohibition fail.

We think that the prohibition is not applicable to the present case. It is not necessary to consider the effect of section 165 of "the Town Law," as that was not in force when the account of plaintiff accrued.

The appellant further claims that the motion of the relator should have been denied because he had another legal remedy, in that he had a right to appeal to the board of supervisors, under the provisions of chapter 832 of the Laws of 1866.

This objection does not appear to have been taken at the Special Term. If not, it should not be available here. (*Town of Mentz* v. *Cook*, 108 N. Y. 504.)

In *People ex rel. Millspaugh*, etc., v. *Town Auditors of Shawangunk* (1 How. [N. S.] 224), it was held, in a case like the present one, that the remedy by mandamus was proper, although the relator had the right to appeal to the board of supervisors. In *People ex rel. Lowell*, etc., v. *Auditors of Westford* (53 Barb. 555), a writ of mandamus was allowed, although the statute of 1866 was then in force. So it has been held that as to corporations and ministerial officers, the existence of another and an adequate remedy is no objection to awarding the writ. (*People ex rel. Griffin* v. *Steele*, 2 Barb. 554; *Buck* v. *Lockport*, 6 Lans. 251.) The relator had no remedy by action, and the fact that he might have appealed to another board is not, under the circumstances of this case, a good ground for reversal.

It follows that the order should be affirmed.

