(6 Misc. Rep. 478.)

RYAN v. BOARD OF AUDIT OF TOWN OF ROYALTON.

(Supreme Court, Special Term, Niagara County. December, 1893.)

1. TOWNS—LIABILITY—LEGAL SERVICE RENDERED TO EXCISE BOARD.
  Services rendered by an attorney in defending a proceeding to remove the excise commissioners of a town from office for alleged misconduct in refusing to grant licenses are within Laws 1892, c. 401, (Liquor Law,) §

11, providing that the board of excise may employ an attorney from time to time, as may be reasonably necessary, and that his compensation shall be a town charge.

**2. SAME—MANDAMUS TO AUDIT CLAIM.**
Mandamus will lie to compel the auditing board of the town to audit a claim, where the board refuses to consider such claim on its merits, and rejects it on the ground that it is not a proper town charge.

Application of John J. Ryan for mandamus to compel the board of audit of the town of Royalton, Niagara county, to audit an account of relator for services rendered to the board of excise of said town as an attorney at law. Granted.

John J. Ryan, in pro. per.

C. W. Laskey, for board of audit.

WARD, J. The petitioner, Ryan, is an attorney and counselor of this court, practicing his profession at Medina, N. Y. In the year 1892, Barnard A. Mackey, David Snell, and George Sayres were the commissioners of excise for the town of Royalton, in Niagara county. Applications were made for licenses by various persons, in the spring of 1892, to this excise board, and they were all refused by the board; two of them, Mackey and Snell, having been elected as no-license commissioners, and refusing to grant any licenses whatever. Sayres was in favor of granting licenses. The disappointed applicants for license made complaint to the county judge of Niagara county, of these commissioners, and charged that they had been guilty of willful neglect of duty and of misconduct in office, in not granting licenses in proper cases, and demanded their removal from office by the county judge, under section 6 of chapter 401 of the Laws of 1892, being the act to revise and consolidate the laws regulating the sale of intoxicating liquors. This act took effect on the 30th of April of that year, and the application to remove the commissioners was made to the county judge on the 13th of July, 1892. On that day the county judge issued an order directed to the said excise commissioners, and to each of them, and requiring them to show cause before him, as such county judge, at his office in the city of Lockport, on the 22d day of July, 1892, at 2 o'clock P. M., why they, and each of them, should not be removed from the office of commissioner of excise, for neglect of duty and misconduct in office. A copy of this order and the petition upon which it was granted was duly served upon each of the said excise commissioners. On the 16th of July, 1892, Commissioners Mackey and Snell caused a notice in writing, signed by them, to be served on the other commissioner, Sayres, notifying him that there would be a meeting of the board of excise of the town of Royalton, Niagara county, N. Y., on the 19th day of July, 1892, at 11 o'clock A. M., at the law office of George D. Judson, in the village of Middleport, in said town. The service of this notice was personal upon Sayres. At the time and place mentioned in said notice, Commissioners Snell and Mackey met as a board of excise of the town of Royalton, and organized by electing Mackey temporary chairman. Sayres did not appear, but the board adopted a resolution appointing the petitioner, John J. Ryan, as attorney for the board of excise. Afterwards, Mackey and Snell ap-

plied to the petitioner, informing him of his appointment as such attorney, which employment he accepted, and the commissioners then submitted to the attorney the proceedings that had been taken to remove them from office.  He examined the law, advised them as to their duties, prepared an answer to the petition upon which the order to show cause was granted, appeared before the county judge, and acted as attorney for the commissioners before the county judge. All the commissioners appearing upon the return of the order to show cause, and upon a full hearing,—the parties asking the removal of the commissioners being represented by counsel, and the commissioners being represented by the petitioner, Ryan,—the county judge, upon consideration, dismissed the proceedings, and refused to remove the commissioners, or any of them.  Sayres was present at the hearing before the county judge, but did not sign the answer made by the petitioner for the other two commissioners.  The petitioner afterwards prepared an account against the town of Royalton, making a claim of $50—the period of his service covering about six days,—which account he verified, and presented it to the town board of audit of the said town of Royalton, at a regular meeting of the board held in the town for the purpose of auditing accounts against the town in the fall of 1892, and in October the board decided to, and did, reject and disallow the claim of the commissioner in toto, as not a proper town charge, for the reason, as it substantially appears from the papers that the attorney for the board only rendered service for the commissioners individually, upon a charge of misconduct, for their removal, and his employment was not necessary or proper for the board of excise in discharging any of their duties under the statute.

The board of town audit seemed only to consider the question as to whether the bill was a proper town charge, and did not go into the merits of the claim; and there does not seem to be, from the papers, any dispute as to the facts.  The meeting of the board at which Ryan was appointed attorney was a special meeting called after proceedings to remove the commissioners were instituted.  The last regular meeting of the board of excise was held on the 1st of July, and a motion was then made and carried that that meeting was adjourned until the first Monday of May, 1893.  But a majority of the board have a right to call a special meeting at any time when the exigency of the case demands it.  Section 11 of chapter 401, aforesaid, provides:

"A board of excise of a town may employ an attorney and counselor of the supreme court to act as attorney of such board from time to time as may be reasonably necessary.  His compensation shall be a town charge and shall be audited and paid in the same manner as other town charges."

The command of this statute is imperative.  If the board of excise do employ an attorney, and he does act from time to time as may be reasonably necessary, his compensation shall be a town charge, and shall be audited and paid.  It must be conceded that Mr. Ryan was employed as an attorney by the board of excise; that he performed services at their request.  Were the services which he performed reasonably necessary for the board?  A new and most

comprehensive and important statute which assumed to revise and consolidate the laws regulating the sale of intoxicating liquors had just gone into operation. The duties of the board of excise, and the consequences of a violation of those duties, were prescribed by this statute. Important legal questions must be considered and acted upon by the board, under it. It was plainly contemplated by the statute that the board would need an attorney to guide them in the discharge of their duties. They had entered upon the performance of those duties, and in consequence of their action or nonaction they were assailed, and charged with misconduct and wrongdoing as a board and as commissioners; and it was sought to remove them from office, not for anything they had done as individuals, but because of their official action. It would seem that, if any case could be presented where the services of an attorney were "reasonably necessary," it was this very case. It clearly was so.

The remaining question is whether the petitioner is entitled to a writ of mandamus compelling the auditing board of the town of Royalton to audit his account. That board has refused to consider his account upon its merits, and taken the position that no part of it was a proper town charge, and therefore rejected it altogether. In other words, it has not acted upon the claim, but has refused to act. Where this state of facts arises, and the petitioner has a clear legal right to have his claim audited, as in this case, the statute commands it to be done, mandamus may issue to set the board in motion, and compel it to perform its statutory or legal duties. People v. Board of Sup'rs of Otsego Co., 51 N. Y. 401, 407, 408; People v. Board of Sup'rs of New York, 32 N. Y. 473; Hull v. Supervisors, 19 Johns. 259; People v. Board of Sup'rs of Westchester Co., 73 N. Y. 173; People v. Board of Sup'rs of Delaware Co., 45 N. Y. 196; People v. Board of Town Auditors of Elmira, 82 N. Y. 80; People v. Schuyler, 79 N. Y. 189; Fiero, Spec. Proc. pp. 48, 52; People v. Mayor, etc., of New York, (Super. N. Y.) 23 N. Y. Supp. 1060; People v. Board of Auditors of Town of Hampden, (Sup.) 24 N. Y. Supp. 974.

The counsel for the auditing board seems to rely greatly upon People v. Barnes, 114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739. The facts in that case are so different from the one before us as to give us but little aid here. Two opinions were pronounced by the court of appeals in that case. Upon the first argument the opinion of the court is pronounced by Potter, J.; and upon a motion for reargument an opinion was handed down "per curiam," which, after again reviewing the case to some extent, and referring to the mixed questions of law and fact in that case, the court conclude at page 331, 114 N. Y., and page 740, 21 N. E.:

"If the record before us showed that the claims sought to be recovered were made by a statute, or by some well-settled rule of law, legal charges against the town,—charges which the board was bound to allow, in whole or in part,—then this case would have been within the rule laid down in People v. Board of Sup'rs of Delaware Co., 45 N. Y. 196; People v. Board of Town Auditors, 82 N. Y. 80, [cited above;] and kindred cases. But, as we have attempted to show, the relator had failed to establish by the evidence contained in the record the absolute liability of the town for the whole or part of any one of the claims."

So that, whatever may have been the inferences from the opinion of Judge Potter in conflict with the position here assumed, the court, in its conclusions, swings around to the sound proposition that if the town was liable for this claim, or any part of it, and refused to allow the claim for the reason that it was not liable, then mandamus would issue to compel the auditing board to consider and audit the claim. It follows that the motion for a peremptory mandamus should be granted, and let an order be entered accordingly. But as the auditing board seem to have acted in good faith, and under the advice of counsel, no costs are imposed, upon the granting of this motion.