## Matter of RYAN.

(Supreme Court—Niagara Special Term, January, 1894.)

A board of excise having refused to grant any licenses, two of its members having been elected as no-license commissioners, proceedings were commenced for their removal under section 6 of chapter 401, Laws of 1892. At a special meeting of the board, of which due notice was given, the petitioner was appointed attorney for the board, and afterwards defended the proceedings, which resulted in a dismissal. *Held*, that the services thus rendered were reasonably necessary for the board, and his compensation therefor a proper town charge.

Where a town auditing board refuse to consider a claim on its merits, but reject it as not a proper town charge, and the claimant has a clear legal right to have the claim audited, a mandamus may issue to set the board in motion and compel it to perform its duty.

MOTION for peremptory writ of mandamus to issue to the board of audit of the town of Royalton, Niagara county, N. Y., to compel them to audit an account of John J. Ryan as attorney for the board of excise of said town.

*John J. Ryan*, petitioner, in person.

*C. W. Laskey*, for the board of audit.

WARD, J. The petitioner Ryan is an attorney and counselor of this court, practicing his profession at Medina, N. Y. In the year 1892 Barnard A. Mackey, David Snell and George Sayres were the commissioners of excise for the town of Royalton, in Niagara county. Applications were made for licenses by various persons in the spring of 1892 to this excise board, and they were all refused by the board, two of them, Mackey and Snell, having been elected as no-license commissioners, and refusing to grant any licenses whatever. Sayres was in favor of granting licenses. The disappointed applicants for license made complaint to the county judge of Niagara county of these commissioners, and charged that they had been guilty of willful neglect of duty and of misconduct in office in not granting licenses in proper cases, and demanded their removal from office by the county judge under section 6 of chapter 401

of the Laws of 1892, being the act to revise and consolidate
the laws regulating the sale of intoxicating liquors.

This act took effect on the thirtieth of April of that year,
and the application to remove the commissioners was made to
the county judge on the 13th of July, 1892. On that day the
county judge issued an order directed to the said excise com-
missioners, and to each of them, and requiring them to show
cause before him, as such county judge, at his office in the city
of Lockport, on the 22d day of July, 1892, at two o'clock
P. M., why they, and each of them, should not be removed from
the office of commissioner of excise for neglect of duty and
misconduct in office. A copy of this order and the petition
upon which it was granted was duly served upon each of the
said excise commissioners. On the 16th of July, 1892, Com-
missioners Mackey and Snell caused a notice in writing, signed
by them, to be served on the other commissioner, Sayres, noti-
fying him that there would be a meeting of the board of excise
of the town of Royalton, Niagara county, New York, on the
19th day of July, 1892, at eleven o'clock A. M., at the law office
of George D. Judson, in the village of Middleport, in said
town. The service of this notice was personal upon Sayres.
At the time and place mentioned in said notice Commissioners
Snell and Mackey met as a board of excise of the town of
Royalton, and organized by electing Mackey temporary chair-
man. Sayres did not appear, but the board adopted a resolu-
tion appointing the petitioner, John J. Ryan, as attorney for
the board of excise. Afterwards Mackey and Snell applied to
the petitioner, informing him of his appointment as such attor-
ney, which employment he accepted, and the commissioners
then submitted to the attorney the proceedings that had been
taken to remove them from office. He examined the law,
advised them as to their duties, prepared an answer to the peti-
tion upon which the order to show cause was granted, appeared
before the county judge and acted as attorney for the com-
missioners before the county judge. All the commissioners
appearing upon the return of the order to show cause, and
upon a full hearing, the parties asking the removal of the com-

missioners being represented by counsel, and the commissioners being represented by the petitioner Ryan, the county judge, upon consideration, dismissed the proceedings and refused to remove the commissioners or any of them. Sayres was present at the hearing before the county judge, but did not sign the answer made by the petitioner for the other two commissioners. The petitioner afterwards prepared an account against the town of Royalton, making a claim of fifty dollars, the period of his services covering about six days, which account he verified and presented it to the town board of audit of the said town of Royalton at a regular meeting of the board held in the town for the purpose of auditing accounts against the town in the fall of 1892, and in October the board decided to and did reject and disallow the claim of the petitioner *in toto* as not a proper town charge for the reason, as it substantially appears from the papers, that the attorney for the board only rendered service for the commissioners individually upon a charge of misconduct for their removal, and his employment was not necessary or proper for the board of excise in discharging any of their duties under the statute.

The board of town audit seemed only to consider the question as to whether the bill was a proper town charge and did not go into the merits of the claim, and there does not seem to be from the papers 'any dispute as to the facts. The meeting of the board at which Ryan was appointed attorney was a special meeting called after proceedings to remove the commissioners were instituted. The last regular meeting of the board of excise was held on the first of July, and a motion was then made and carried that that meeting was adjourned until the first Monday of May, 1893. But the majority of the board have the right to call a special meeting at any time when the exigency of the case demands it.

Section 11 of chapter 401 aforesaid provides : "A board of excise of a town may employ an attorney and counselor of the Supreme Court to act as attorney of such board from time to time as may be reasonably necessary. His compensation

shall be a town charge and shall be audited and paid in the same manner as other town charges."

The command of this statute is imperative. If the board of excise do employ an attorney and he does act from time to time as may be reasonably necessary, his compensation *shall be* a town charge and shall be audited and paid. It must be conceded that Mr. Ryan was employed as an attorney by the board of excise; that he performed services at their request. Were the services which he performed reasonably necessary for the board? A new and most comprehensive and important statute, which assumed to revise and consolidate the laws regulating the sale of intoxicating liquors, had just gone into operation. The duties of the board of excise and the consequences of a violation of those duties were prescribed by this statute. Important legal questions must be considered and acted upon by the board under it. It was plainly contemplated by the statute that the board would need an attorney to guide them in the discharge of their duties; they had entered upon the performance of those duties, and in consequence of their action or nonaction they were assailed and charged with misconduct and wrongdoing as a board and as commissioners, and it was sought to remove them from office, not for anything they had done as individuals, but because of their official action. It would seem that if any case could be presented where the services of an attorney were reasonably necessary, it was this very case. It clearly was so.

The remaining question is whether the petitioner is entitled to a writ of mandamus compelling the auditing board of the town of Royalton to audit his account; that board has refused to consider his account upon its merits, and taken the position that no part of it was a *proper town charge*, and, therefore, rejected it altogether. In other words, they have not acted upon the claim, but refused to act. Where this state of facts arises and the petitioner has a clear legal right to have his claim audited, as where, as in this case, the statute commands it to be done, mandamus may issue to set the board in motion

and compel it to perform its statutory or legal duties. *Peo-
ple* v. *Supervisors*, 51 N. Y. 401, 407, 408; *People* v.
*Supervisors of New York*, 32 id. 473; *Hull* v. *Supervisors
of the County of Oneida*, 19 Johns. 259; *People* v. *Super-
visors of Westchester County*, 73 N. Y. 173; *People* v.
*Board of Supervisors of Delaware County*, 45 id. 196;
*Thurston* v. *Board of Town Auditors of Elmira*, 82 id. 80;
*People* v. *Schuyler, Auditor*, etc., 79 id. 189; Fiero Spec.
Proc. 48, 52; *People* v. *Mayor*, etc., *of New York*, 3 Misc.
Rep. 131; *People* v. *Board of Auditors of the Town of
Hampton*, 24 N. Y. Supp. 974.

The counsel for the auditing board seems to rely greatly
upon *People* v. *Town Auditors of the Town of Highlands*,
114 N. Y. 317. The facts in that case are so different from
the one before us as to give us but little aid here. Two
opinions were pronounced by the Court of Appeals in that
case. Upon the first argument the opinion of the court is
pronounced by Potter, J., and upon a motion for reargu-
ment an opinion was handed down *per curiam* which, after
again reviewing the case to some extent and referring to the
mixed questions of law and fact in that case, the court con-
clude at page 331 : " If the record before us showed that the
claims sought to be recovered were made by a statute or by
some well-settled rule of law legal charges against the town,
charges which the board was bound to allow in whole or in
part, then this case would have been within the rule laid down
in *People* v. *Supervisors of Delaware*, 45 N. Y. 196; *People*
v. *Board of Town Auditors of Elmira*, 82 id. 80 (cited
above) and kindred cases. But, as we have attempted to show,
the relator has failed to establish by the evidence contained in
the record *the absolute liability of the town for the whole or
part of any one of the claims.*"

So that, whatever may have been the inferences from the
opinion of Judge Potter in conflict with the position here
assumed, the court in its conclusions swings around to the
sound proposition that if the town was liable for this claim or
any part of it and refused to allow the claim for the reason

that it was not liable, then mandamus would issue to compel the auditing board to consider and audit the claim.

It follows that the motion for a peremptory mandamus should be granted, and let an order be entered accordingly.

But, as the auditing board seem to have acted in good faith and under the advice of counsel, no costs are imposed upon the granting of this motion.

Motion granted, without costs.