CITY OF SCHENECTADY, Plaintiff, *v.* SCHENECTADY RAILWAY COMPANY, Defendant.

Supreme Court, Schenectady Special Term, May, 1922.

Street railways — ordinance forbidding operation of one-man cars — suit by city to restrain railway company from running such cars — injunction pendente lite vacated — no power in city to enact ordinance — conflict with jurisdiction of public service commission — municipal corporations.

The power vested in the state in its sovereign capacity to regulate the running of railway cars may be exercised directly or through a commission duly appointed or the state may delegate such power to municipalities.

The right to exercise such power when once it has been delegated is exclusive of its exercise by any body except such as are specifically authorized to exercise it.

The state, however, by conferring upon a municipality the power to regulate street railways within its limits does not thereby deprive itself of the power to vest general jurisdiction of the subject-matter in a commission and confer upon it ample power to that end, even though the effect may be to revoke the power conferred upon the municipality by prior legislation.

The city of Schenectady is subject to the provision of uniform charters for cities of the second class, one of which (Second Class Cities Law, art. 4, § 30) authorizes the common council of a city to enact ordinances not inconsistent with law. Under charter provisions which, by the saving clauses therein contained, do

not repeal any statute and are not in derogation of the power of the state, the city has recently enacted an ordinance which provides: " Every car or other vehicle running upon a street railway track or tracks, and operated by electricity or otherwise, on which passengers are carried, shall be manned by both a motorman and a conductor   *   *   *   in order to secure the convenience and safety of the public in the operation of said cars." *Held,* that as prior to the enactment of the Second Class Cities Law and the supplemental charter of said city the statute creating the public service commissions was in full operation and effect, any claim of right in the city to enact such an ordinance was inconsistent with the power conferred by the legislature upon the public service commission to exercise jurisdiction in such particulars and that, therefore, the ordinance in question was inconsistent with law.

The defendant having commenced operating on two of its lines cars operated by one man who acts both as motorman and conductor the city brought an action to restrain defendant from operating such cars upon the streets of the city in alleged violation of said ordinance upon the contention that the operation of these " one-man cars " is a menace to the safety and lives of its inhabitants and especially to those who ride upon such cars or pass over the tracks upon which they are operated. The defendant, not yet answering, upon a motion to vacate an injunction *pendente lite* urged that the cars in question are so managed as to well care for the safety of the passengers and that the city was without power to enact the ordinance. Defendant also contended that the power delegated by the legislature to the public service commission to regulate the operation and management of the cars of defendant was to the exclusion of any such right in the plaintiff as a municipal corporation. *Held,* that the motion to vacate the injunction will be granted, with costs to abide the event of the action.

The Public Service Commission Law showing plainly that it was intended to cover the whole subject considered by the legislature and to prescribe the only rules in respect thereto operates as a repeal of all former statutes relating to the same subject-matter.

Should a situation exist in the running of the " one-man cars " which is dangerous to the citizens of plaintiff and to those who ride upon said cars, the city or any citizen thereof may invoke the power of the public service commission to act in the premises and its action or refusal to act is, under section 49(2) of the Public Service Commission Law, subject to judicial review.

MOTION to vacate a preliminary injunction.

*George B. Smith,* for plaintiff.

*Daniel Naylon, Jr.,* for defendant.

BORST, J.  The plaintiff is a city of the second class and subject to the provisions of uniform charters of second-class cities.  The defendant is a street railway corporation.  An ordinance recently enacted by the city provides that " Every car or other vehicle running upon a street railway track or tracks, and operated by electricity or otherwise, on which passengers are carried, shall be manned by both a motorman and a conductor   *   *   *   in order to secure the convenience and safety of the public in the operation of said cars."  The defendant recently has commenced operating what are known as " one-man cars " on two of its lines, such cars being operated by one man who acts both as motorman and conductor.  The plaintiff has brought this action, and secured an

injunction to restrain the defendant, pending the trial of the action, from operating these " one-man cars " upon its streets, in violation of the ordinance, contending that the operation of these cars is a menace to the safety and lives of its inhabitants, and especially those who ride upon such cars, or pass over the tracks of the defendant's railroad upon which these cars are operated. The defendant has not yet answered, but moves to vacate the injunction, urging that the cars in question are so managed as to well care for the safety of the passengers they carry, and that the city was without power to enact the ordinance. The defendant also contends that the power has been delegated by the legislature to the public service commission of the state to regulate the operation and management of the defendant's cars to the exclusion of this right in plaintiff as a municipal corporation.

Prior to the enactment of the Second Class Cities Law and the supplemental charter of the city of Schenectady, the Public Service Commissions Law of this state was in operation and effect. By the latter law, public service commissions were created with general jurisdiction and supervision over common carriers, street railroads and the persons or corporations owning or operating them, with the power to regulate the practices, equipment, appliances or service of any such street railroad within the state, and to determine the just, reasonable, safe and proper regulations, practices, equipment, appliances and service to be observed and to be used in the transportation of persons and property, and fix and prescribe the same by order, which order state railway corporations are required to observe.

It was said by Judge Chase, writing the opinion in *City of Troy* v. *United Traction Co.*, 202 N. Y. 333, that " The public service commission was established, among other things, for the purpose of promoting uniformity and consistency in authoritative directions to be given to public service corporations and to constitute a tribunal trained to consider and determine controversies and problems relating to such corporations and to direct and supervise their relations to and dealings with the public as their patrons." The public service commission has been given general jurisdiction while no general nor specific jurisdiction has been conferred upon the municipality to act in the premises. If each of these two creations of the state has jurisdiction in the particular case in hand without any right of priority in either, then each has the power to act and the action in such case of each would be only equal to the right to be exercised by the other. It could not have been intended by the legislature to have such a situation presented. It was held in the *Troy Case, supra,* that when the public service commission had

acted in a given case, that precluded action on the part of the municipality. That was a case where the city passed an ordinance inconsistent with an order previously made by the public service commission relating to the frequency with which electric cars should be run by the railroad company on certain of its lines in that city. If, however, the city and the public service commission had equal jurisdiction, then the action of the commission in the *Troy* case could not have precluded action by the municipality, for it could not be urged, if each had equal jurisdiction, that the one prior in its exercise would preclude the other without regulation to that effect.

The provisions of the charters under which the city acts, by saving clauses therein contained, do not repeal any statute of the state and are not in derogation of the powers of the state. It is provided in the Second Class Cities Law, article 4, section 30, that " The legislative power of the city is vested in the common council thereof, and it has authority to enact ordinances, *not inconsistent with law,* for the government of the city * * * for the safety and welfare of its inhabitants and the protection * * * of their property." Any right claimed to exist in the city of Schenectady to enact ordinances supervising the management and control of street cars in that city is inconsistent with the power conferred by the legislature upon the public service commission to exercise jurisdiction in such particulars, and is, therefore, *inconsistent with law.*

The right to regulate the running of railway cars is a governmental power vested in the state in its sovereign capacity. It may be exercised by the state directly or through a commission appointed by it, or it may delegate such power to municipalities. But when the power of the state has been once delegated, this right to its exercise is exclusive of its exercise by any body except such as are specifically authorized to exercise it. In the present case, as noted, the public service commission was created and in operation prior to the enactment of the present charters under which plaintiff claims its power emanates.

But it is argued that the city was in existence long before its present charters were granted, and that under its former charters, not repealed in that respect, the power existed in it by implication to regulate the street railways within its confines. The state, however, by conferring upon a municipality the power to regulate street railways within its limits does not thereby deprive itself of the power to vest general jurisdiction of the subject-matter in a commission and confer upon it ample power to that end even though the effect may be, so far as the municipality is concerned, to

revoke the power conferred upon it by prior legislation.   *Phillipsburg* v. *Public Utility Bd. Com'rs.*, 85 N. J. Law, 141.

Here, at most, there was only an implied power in the municipality under its former or present charters to regulate the railways, growing out of the general power conferred upon the city by the legislature essential to the declared objects of its existence, including the power to protect the safety and health of its citizens.   Where a later statute shows plainly that it was intended to cover the whole subject considered by the legislature and to prescribe the only rules in respect thereto, it will operate as a repeal of all former statutes relating to such subject-matter.   *Matter of Troy Press Co.*, 94 App. Div. 514;   *People ex rel. Ross* v. *City of Brooklyn*, 69 N. Y. 605;   *City of Buffalo* v. *Lewis*, 192 id. 193;   *People* v. *Morris*, 13 Wend. 325.

The following cases have been cited by the plaintiff where an ordinance such as the one in question has been upheld, but in each of these cases it will be noted there had been no general law enacted by the state reserving the power to supervise the management and control of street railway cars to a commission created by it:   *Sullivan* v. *City of Shreveport*, 251 U. S. 169;   64 L. Ed. 205;   *South Covington & Cincinnati Street Railway Co.* v. *Berry*, 93 Ky. 43;   15 L. R. A. 604;   *State, Trenton Horse R. Co.*, v. *Trenton*, 53 N. J. Law, 132.

The city and its citizens are not without redress in the premises if a situation exists in the running of these " one-man cars " which is dangerous to its citizens, and to those who ride upon them. The city or any of its citizens may invoke the power of the public service commission to act in the premises, and its action or refusal to act is subject to review by the courts.   Pub. Serv. Comm. Law, art. III, § 49, subd. 2;   *People ex rel. C. P., etc., R. R. Co.* v. *Willcox*, 194 N. Y. 383;   *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *P. S. Com.*, 195 id. 157.

The injunction should, therefore, be vacated.   A draft order may, therefore, be presented vacating the injunction, with ten dollars costs, to abide the event of the action.

Ordered accordingly.