## SUPREME COURT.

NORMAN S. WASHBURN agt. JOSEPH F. FRANKLIN.

Where the defence to a contract is given by a statute founded on grounds of public policy (against stock jobbing), the *repeal* of the statute since the contract was made takes away the *defence of illegality the same as if such statute never existed.*

*New York General Term, October,* 1861.

CLERKE, INGRAHAM and LEONARD, *Justices.*

MOTION for a new trial, on appeal from a judgment at special term.

By the court, INGRAHAM, Justice. In *Key* agt. *Goodwin,* (4 *Moore & Payne,* 341,) it is said : "I take the effect of a repealing statute to be to obliterate it as completely as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced and concluded while it was an existing law." (*See Butler* agt. *Palmer,* 1 *Hill,* 324.)

A repealing clause is such an express enactment as necessarily divests all inchoate rights which have arisen under the statute which it destroys.

The principle that a repeal of an act which made a contract illegal on grounds of public policy, repealed also the consequences of the act, even as to contracts entered into while it was in force, was distinctly held in the *Central Bank* agt. *Empire Stone Dressing Co.,* (26 *Barb.,* 23.)

In *Curtis* agt. *Leavitt,* (15 *N. Y. Rep., p.* 9–85,) Mr. Justice COMSTOCK says of the statute of the state which prohibits a corporation from setting up the defence of usury : " The act must be construed as a repeal of the statute of usury as to all contracts of corporations stipulating to pay interest, thus leaving the contract in full force, according to its terms ; and such an act is liable to no con-

stitutional objection." In that case it was held that the defence of usury could be taken away after the defence was pleaded. Mr. Justice SELDEN says: "Usury being a mere statutory defence, not founded on any common law right, either legal or equitable, it was clearly within the power of the legislature to take it away (*p.* 254.)

And Justice BROWN also says : " The borrower can have no vested interest in the forfeiture which follows proof of usury," (*p.* 153.)

Chief Justice SAVAGE, in the *People* agt. *Livingston*, (6 *Wend.*, 526,) says : " It cannot be denied that the legislature possess the power to take away by statute what was given by statute, except vested rights ;" and refers to the statute against gaming, the repeal of which would take away all means of receiving back moneys previously lost by gaming.

The principle in all these cases is, that a cause of action or defence given by a statute, founded on grounds of public policy, conferred no vested right which could not be taken away by a similar statute, and that a repeal of a law which gave such right of action or defence, terminated all claim to such recovery or defence, although the contract was made previously.

Applying this rule to the present case, the defence to the contract was given by the statute against stock jobbing. That statute was repealed since the contract was made. The repeal of the statute has taken away the defence of illegality, the same as if such statute never existed.

The judge at the trial held that the defence was still good, notwithstanding the repeal of the statute, and made the distinction between this case and the case in 26 *Barbour*, because in that case the statute did not declare the contract void.

It will be seen from the decisions before cited, in regard

to the defence of usury, that this distinction does not exist.

The judge erred in this rule, and a new trial must be ordered, costs to abide event.

LEONARD, J. I concur in the above opinion. The case of *Curtis* agt. *Leavitt*, (15 *N. Y. R.*,) opinions of J. J. COMSTOCK, at *p.* 85, of BROWN, *pp.* 152, 153, and SELDEN, *p.* 254, are directly in point, and in my opinion are entirely conclusive as authority in support of the plaintiff's action herein.