## HOPPOCK *vs.* STONE.

A party has no vested right in the penalties inflicted by the revenue laws for the omission of another to place the proper revenue stamp upon an instrument, which cannot be taken away by an amendment of the act imposing such penalties.

The use of an instrument in evidence when not properly stamped, is forbidden by the government, as an act of policy, for the more safe and speedy collection of the duty, and not for the purpose of benefiting the one party or the other to the obligation. The power to alter or regulate this policy belongs to the government.

The right of a party claiming property as assignee thereof, in trust for the benefit of creditors, to set up the invalidity of a prior mortgage upon such property, by reason of its lacking the proper revenue stamp, may be taken away by a subsequent amendment of the act of congress imposing the penalties for omitting the appropriate stamps; notwithstanding the mortgage was executed before the amendment went into operation.

Hoppock *v.* Stone.

A new trial may be granted on the ground of *inadvertence* and *surprise*, at the trial, where the plaintiff shows that he had believed the instrument under which he claimed was an *agreement*, and was surprised by the ruling of the judge that it was a *mortgage*, requiring a different revenue stamp from that affixed thereto, and he was not then prepared to meet the objection.

APPEAL by the defendant from an order made at a special term, granting a new trial. The facts appear in the opinion of the court.

*Nelson Smith*, for the appellant.

*John S. Woodward*, for the respondent.

*By the Court*, LEONARD, P. J. This appeal is from an order granting a new trial, upon an affidavit showing inadvertence and surprise at the trial.

The action was brought to establish a lien in favor of the plaintiff, upon the proceeds of personal property in the hands of the defendant, as a general assignee for the benefit of creditors, upon the ground that such property had been previously mortgaged by the assignor, Plats, to the said plaintiff.

The defendant Stone, as well as the said Plats, who was made a party defendant to the action, but has since died, answered, denying the allegations of the complaint, and interposing the defense of usury. At the trial the mortgage was produced by the plaintiff, bearing date March 14, 1865, and having a five cent revenue stamp, only, affixed. The defendant objected that it was not properly stamped as required by the internal revenue act of the United States. The court sustained the objection, holding the mortgage void on that ground, and dismissed the complaint. The trial occurred in December, 1865. The revenue laws in force March 14, 1865, at the time the mortgage was executed, provided that offenders, *with intent to evade the provisions of the act*, should forfeit a penalty, and the instrument should be deemed invalid and of no effect. (§ 158, *act of June* 30,

1864.) And by section 163 of the same act, any instrument, required to be stamped, was forbidden to be used in evidence in any court, until a legal stamp or stamps should be affixed. The act of congress passed March 3, 1865, had been enacted before the execution of this mortgage, but did not go into operation until April, 1865.

The former act was amended so as to authorize the revenue collector of the proper district, on the application of any party having an interest therein, upon the payment of the price of a proper stamp, and a penalty of $50, to affix the proper stamp, and note the date and payment on the margin, and the act provided that such instrument should then be held valid as if stamped when made. The collector was also authorized to remit the penalty, where the omission of the proper stamp occurred without any willful design to evade the stamp duty, or delay its payment. All inconsistent provisions of the former act were repealed.

The same section was further amended by act of congress, July 13, 1866, (*ch.* 184, § 9,) but the only material alteration, necessary to be mentioned, is that the instrument when the proper stamp has been affixed by the collector, may be used in all courts and places with the same effect as if originally stamped. The previous amendment of April, 1865, was fully re-enacted by the law of 1866, just referred to.

The plaintiff made affidavit that he had believed the instrument to be an agreement, and was surprised at the trial by the ruling that it was a mortgage, requiring a different revenue stamp, and he was not then prepared to meet it. It also appeared that a revenue stamp for the proper amount had been affixed December 15, 1866, by the collector, with his certificate that it was made to appear by satisfactory evidence that it was originally omitted by error and inadvertence. Upon this affidavit, and the case made up for hearing at the general term upon the exceptions taken at the trial, the defendant moved at special term, before the same justice who tried the action, for a new trial. It ap-

Hoppock *v.* Stone.

peared from the case that no evidence was produced at the trial on the subject of a fraud upon, or an attempt to evade the revenue laws, and that the complaint was dismissed solely upon the ground that the instrument was not properly stamped.

The defendant's counsel insists that the act of congress, amending the act in force at the time the mortgage was executed, is retrospective, if it be held to affect instruments executed before the amendment went into operation, and that the defendant has a vested right in the property assigned to him, relieved from the lien of the plaintiff's mortgage, by reason of its invalidity arising from the want of the proper revenue stamps.

The defendant is in error in supposing that he has any vested right in the penalties inflicted by the revenue laws. The use of an instrument in evidence when not properly stamped, is forbidden, as an act of policy by the government, for the more safe and speedy collection of the duty, and not for the purpose of benefiting the one party or the other to the obligation. The power to alter or regulate this policy belongs to the government. So far as the original parties are concerned, they are equally in fault in neglecting to affix the proper stamp. Certainly the maker of the mortgage, upon whom the duty of providing the stamp properly rests, can have no moral right to deny the force of his obligation by the penal effect of the revenue laws, when the mortgagee has inadvertently received the mortgage, without any intent to evade the act. The certificate of the revenue collector states that satisfactory evidence that the stamp was inadvertently omitted has been produced before him. The law makes his jurisdiction upon that subject conclusive, and we must take these facts to be true. The defendant Stone is an assignee of the mortgagor, who has parted with no consideration, and occupies no better position than his assignor. I do not intend to imply that his case would be any better in a legal view, if he had paid a full consideration.

In *Butler* v. *Palmer*, (1 *Hill*, 324,) Judge Cowen says : " That a repealing statute is such an express enactment as necessarily divests all inchoate rights which have arisen under the statute which it destroys. These rights are but incident to the statute, and fall with it, unless saved by express words in the repealing clause." The right of a judgment creditor to redeem was, in that case, held to have been taken away by the operation of a subsequent statute.

The authorities which show that the defendant had no vested right to have the mortgage permanently forbidden to be used as evidence by the revenue law, beyond the power of congress to repeal or alter it so as to permit it to be used in evidence, are reviewed at considerable length in the case of *Butler* v. *Palmer*, and the opinion very carefully sets forth the whole subject. The opinion of Judge Brown while a member of the Court of Appeals in the celebrated case of *Curtis* v. *Leavitt*, (15 *N. Y. Rep.* 152,) involving the right to interpose the defense of usury which had been taken away from corporations by an act of the legislature, after the creation of the obligations which were in controversy, also fully examines the questions raised by the counsel for the defendant in the present case, and conclusively holds against him.

I may also cite the case of *Washburn* v. *Franklin*, (35 *Barb.* 599,) decided in the first district, after careful examination by Judge INGRAHAM, and also the cases there referred to.

The death of the defendant Plats did not abate this action, as to Stone. The fund is in his hands, and he represents all parties adverse to the claims of the plaintiff. Plats was not a necessary party, as the facts now appear before the court.

The power to vacate the judgment and direct a new trial was within the discretion of the judge at special term, and was properly exercised.

The order should be affirmed, with $10 costs of the appeal.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard, Clerke* and *Welles,* Justices.]