THE PEOPLE ex rel. WILLIAM S. ROSS et al., Respondents,
v. THE CITY OF BROOKLYN, Appellant.

Where two statutes are enacted upon the same general subject, the latter
may abrogate the former, or a portion thereof, although not entirely
repugnant, if it is apparent that the legislature intended the last enact-
ment to be a substitute for the former, in whole or in part.

Where a different process is given in the two statutes to accomplish the
same end, each being adapted to the end, and the process under the
later statute renders the other clearly supererogatory, the former will
be considered abrogated.

*In re Kiernan* (62 N. Y., 457,) and *In re Banta* (60 N. Y., 165,) dis-
tinguished.

(Argued February 15, 1877; decided March 20, 1877.)

THIS was an appeal from an order of the General Term of
the Supreme Court in the second judicial department, revers-
ing proceedings for grading and paving Grand street, in the
city of Brooklyn, and vacating an assessment therefor, which
proceedings were brought up for review by *certiorari*.

The alleged error in the proceedings was, that the common
council made no estimate of the expense of the improvement,
and the assessors did not, before the improvement was
ordered or determined upon by the common council, ascer-
tain the value of the premises proposed to be assessed for the
expenses of such improvement, and how much of such
expense was proposed to be assessed upon each lot, etc., as
required by section three of chapter 213, Laws of 1859.

It was claimed on behalf of the city that said section was
repealed by chapter 169, Laws of 1861, which furnished a
complete system, and was intended as a substitute for the
act of 1859. A majority of the court held that the act of

1861 was a substitute for the act of 1859, so far as the latter act prescribed the duty of the common council in proceedings preliminary to the ordering of an improvement.

A motion was subsequently made for reargument. The court, in deciding it, reiterate the views expressed in the former opinion, showing wherein the two acts, as far as such preliminary proceedings were concerned, were inconsistent, and laying down the principles stated in head note.

The court distinguish the case from those of *In re Kiernan* (62 N. Y., 457), and *In re Banta* (60 id., 165), where other provisions of the act of 1859 were under consideration, which were not repugnant to the provisions of the act of 1861, but were applicable to proceedings under the later act, or were in respect to matters' as to which it did not treat.

*William C. De Witt*, for appellant.

*Philip S. Crooke*, for respondent.

ALLEN, J., reads for reversal and new trial; CHURCH, Ch. J., and ANDREWS, J., concur; EARL, J., concurs in result; MILLER, J., reads for affirmance; FOLGER, J., concurs; RAPALLO absent.

Judgment reversed.

Upon the motion for a reargument, ALLEN, J., reads mem. for denial of motion. All concur. FOLGER, MILLER and EARL, JJ., agree to result upon the ground that the matter has been fully considered.

Motion denied.