(31 Misc. Rep. 55.)

## BOCK v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   March, 1900.)

1. STATUTES—PUBLIC WORKS—LABORERS—WAGES—VESTED RIGHTS.

Acts 1894 provide that all workingmen employed by the state or any municipal corporation, or in the employ of persons contracting with the state, as such corporation, for public works, shall receive not less than the prevailing rate of wages in their callings.  Act 1897, § 3, provides that wages for public works shall not be less than the prevailing rate in the same calling in the locality of the work, and expressly declares that the section applies to work for the state or a municipal corporation, or a contractor thereof.  Acts 1899, c. 567, alters Acts 1897, § 3, by eliminating the portion declaring that it applied to work for the state or a municipal corporation, and provides that each contract to which the state is a party, involving the employment of laborers, shall be conditioned that no one shall be required to work more than eight hours a day, and that the wages to be paid to all such laborers shall be not less than the prevailing rate in the locality of the work.  *Held*, that the act of 1899 repealed the former acts, since its provisions were repugnant thereto, by not providing for the rate to be paid those working for the state or a city, and hence whatever rights plaintiff might have acquired under the acts of 1894 and 1897, not being vested rights, were terminated by the act of 1899.

2. SAME—MUNICIPAL CORPORATIONS—FIXED SALARY.

Act 1894, providing that all workingmen employed by the state or a municipal corporation should receive not less than the prevailing rate in their calling, and Act 1897, providing that wages for public work shall not be less than the prevailing rate in same calling in the locality, applied only to mechanics employed in the usual way for laboring work, and not to a municipal employé under a yearly employment at a fixed salary, and furnished with board and lodging by the municipality.

Action by George Bock against the city of New York.  Complaint dismissed, and motion for new trial denied.

Ingle Carpenter and Carlos C. Alden, for plaintiff.
John Whalen and Charles Blandy, for defendant.

McADAM, J.  Acts 1894, c. 622, and Acts 1897, c. 415, apply only to mechanics employed in the usual way to do laboring work, and not to an appointee, like the plaintiff, holding under a yearly employment at a fixed salary, and furnished with board and lodging, without charge, by the municipality.  A person situated as the plaintiff was is not brought into competition with skilled painters seeking daily or weekly employment, so that he is clearly not within the reason or purpose of the law, which in consequence does not apply.  McCunney v. City of New York, 40 App. Div. 482, 58 N. Y. Supp. 138. The act of 1894, supra, was expressly repealed on the passage of the act of 1897, supra (see Laws 1897, vol. 1, p. 501); and the latter act was in turn repealed by the act of 1899 (chapter 567), not in express terms, but by necessary implication,—a question which will be hereinafter discussed.  The act of 1894 in regard to prevailing wages expressly provides that all mechanics, workingmen, and laborers "employed by the state or any municipal corporation," or in the employ of persons contracting with the state or such corporation for performance of public works, "shall receive not less than the prevailing rate of wages" in their respective callings.  The act of 1897 (sec-

64 NEW YORK SUPPLEMENT (Sup. Ct.
and 98 New York State Reporter

tion 3), after referring to public works, provides that "the wages for such public work shall be not less than the prevailing rate for a legal day's work in the same trade or calling in the locality where the work is performed," and expressly declares that "this section applies to work for the state or a municipal corporation," or for contractors thereof. The act of 1899 amends section 3 of the act of 1897 by altering and reconstructing the entire section, and making the same read as amended. As reconstructed, that portion of former section 3 which provided that it applied "to work for the state or a municipal corporation" was eliminated, for the evident purpose of relieving the state and municipal corporations from the rule relating to prevailing wages, and the reconstructed section requires the state and municipal corporations to observe the following provisions:

(1) "Each contract to which the state or a municipal corporation is a party which may involve the employment of laborers, workmen, or mechanics, shall contain a stipulation that no laborer, workman, or mechanic, in the employ of the contractor, subcontractor, or other person, doing or contracting to do the whole or a part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day," etc. (2) "The wages to be paid for a legal day's work, as hereinbefore defined, to all classes of such laborers, workmen or mechanics upon all such public work or upon any material to be used upon or in connection therewith, shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used. Each such contract hereafter made shall contain a stipulation that each such laborer, workman or mechanic employed by such contractor, subcontractor or other person on, about or upon such public work shall receive such wages herein provided for. Each contract for such public work hereafter made shall contain a provision that the same shall be void and of no effect unless the person or corporation making or performing the same shall comply with the provisions of this section," etc.

The expression "upon all such public work" refers to work to be done by contractors, and not by the state or a municipal corporation without the agency of contractors. The legislature did not intend to hamper the operations of state or local government with the provisions of the act, further than to require contractors while engaged on public works to stipulate in their contracts to pay the mechanics employed on the job wages at the rate prevailing in the locality. That the re-enactment operated as a repeal of section 3 of the act of 1897 is clear, both upon principle and authority. The section, as reconstructed in 1899, deals with great particularity with every phase of the question of prevailing wages, but was careful to omit the words contained in the section as it formerly existed; declaring that it applied to work "for the state or a municipal corporation," showing a clear legislative intent to abrogate that provision. A subsequent statute, repugnant to a prior one, repeals it. And, if a subsequent statute be not repugnant in all its provisions to a prior one, yet, if the last was clearly intended to prescribe the only rule that should govern, it repeals the former one. Plank-Road Co. v. Allen, 16 Barb. 15; People v. City of Brooklyn, 69 N. Y. 605; In re Rochester Water Com'rs, 66 N. Y. 413, 421, 422. A statute which is amended and re-enacted so as to read as prescribed in the amendatory statute is thereby wholly annulled as to all future cases,

and, except as to rights and duties already existing, becomes merged and incorporated in the later statute. People v. Wilmerding, 136 N. Y. 363, 32 N. E. 1099; People v. Jaehne, 103 N. Y. 182, 8 N. E. 374; People v. City of Brooklyn, supra; McDermott v. Railroad Co., 85 Hun, 422, 32 N. Y. Supp. 884. An act which amends an existing statute "so as to read as follows," thereupon enacting a new and substituted provision, repeals all the former statute omitted from the act as amended. Moore v. Mausert, 49 N. Y. 332; People v. Board of Assessors, of the City of Brooklyn, 84 N. Y. 610. There is no such thing as a vested right in a public law which is not in its nature a grant or a contract. Whatever cause of action was acquired under the acts of 1894 and 1897 was not given by grant or contract (McCarthy v. Mayor, etc., 96 N. Y. 1), but by force of those statutes. They conferred inchoate, but not vested, rights, and the repeal of those acts in 1899 effectually terminated all legal claim to a recovery thereunder. Washburn v. Franklin, 35 Barb. 599; Hoppock v. Stone, 49 Barb. 524; Butler v. Palmer, 1 Hill, 324. The only theory on which the municipality could be held under said acts was that an employment of a mechanic at a fixed compensation, less than the "prevailing rate," was contrary to the provisions of said acts, and as to such compensation, fixed in violation of law, the contract was void. So considered, the repeal of the acts creating the illegality legalized the contract as effectually as if said acts had never been passed (Washburn v. Franklin and Hoppock v. Stone, supra; Curtis v. Leavitt, 15 N. Y. 152), and at the same time devested all inchoate rights which arose under the acts repealed. Butler v. Palmer and Curtis v. Leavitt, supra. In conclusion, the court holds that the repeal of the acts of 1894 and 1897 defeats any right of action thereunder, and that no right whatever exists against the municipality under the act of 1899. The complaint was therefore properly dismissed, and the motion for a new trial must be denied.

Complaint dismissed, and motion for a new trial denied.