LIDO CAPITAL CORPORATION, a Domestic Corporation, Plaintiff, *v.* ABRAHAM VOGEL, Defendant. *

Municipal Court of New York, Borough of Brooklyn, First District, October 26, 1936.

* Affd. on opinion of trial court, Appellate Term, Second Department, March 20, 1937; N. Y. L. J., March 20, p. 1405.

*S. K. & M. B. Goldstein,* for the plaintiff.

*Freiberger & Schneikraut,* for the defendant.

McNULTY, J.   This is an action to recover the sum of $342, being a balance due on an assigned claim for goods sold and delivered to the defendant.   It was conceded at the trial by counsel for both sides that the merchandise sold and delivered by plaintiff's assignor to the defendant consisted of intoxicating liquors, and that said sales and delivery took place while the Prohibition Amendment was in full force and effect.

The sole issue of fact which arose at the trial was the amount of the balance due by the defendant to the plaintiff.   The defendant admitted owing a balance of $111.   At the trial the defendant failed to produce any evidence other than his own testimony to substantiate his claim, either by way of books of account, written memoranda or corroboration by other witnesses.   On the other hand, plaintiff produced a clear and exact record of the transactions with the defendant, which showed a balance of $442 prior to the retention of attorneys to collect the same.   The attorneys for plaintiff collected the sum of $100 from the defendant, leaving a balance due of $342, which I find is the sum due and owing on the account sued upon herein.

The defendant claims as a matter of law that the plaintiff cannot recover herein, for the reason that the merchandise received by him during Prohibition consisted of intoxicating liquors.   This raises a novel and interesting point of law, which has not as yet been passed upon by the courts in this department, although a case in point has already reached the Appellate Division of the First Department.

What has been the effect of the repeal of the Prohibition Amendment upon sales of liquor made during the time said prohibition was in effect?

This action was instituted after the Eighteenth Amendment to the Federal Constitution was repealed.   The Twenty-first Amendment to the Constitution, repealing prohibition, was perfected on December 5, 1933, and this action was started on July 15, 1936.

The law is well established that the repeal of a statute without qualification destroys any defenses or rights based upon its provisions, unless there is a saving clause in the repealing act. (36 Cyc. 1244.)

The repeal of the Eighteenth Amendment to the Federal Constitution by ratification of the Twenty-first Amendment, consummated December 5, 1933, at once made the Eighteenth Amendment inoperative, and its provisions, together with all laws supplemental thereof, immediately fell with the withdrawal by the people of the essential constitutional support. ( *United States* v. *Chambers*, 291 U. S. 217; *United States* v. *Mack*, 295 id. 480.)

The rights of the parties to this action must, therefore, be determined as if the parties had contracted in the absence of any Prohibition Amendment and laws and statutes in connection therewith, since at the time of the commencement of this action the Prohibition Amendment was merely a repealed law, with the same effect as if such law never had existed.

The Prohibition Amendment prohibited, among other things, the sale and transportation of liquor. This business is not such that might be termed inherently bad or *malum in se*. (See *Matter of Birner* v. *Santa Lucia Wineries, Inc.*, 155 Misc. 722.)

Where an activity is prohibited in order to establish some reform, either socially or economically, and said activity is not inherently bad, when the prohibition statute is removed the illegality falls and contracts made during the time of said prohibition become valid and enforcible. (*Curtis* v. *Leavitt*, 15 N. Y. 9; *Central Bank* v. *Empire Stone Dressing Co.*, 26 Barb. 23; *Bock* v. *City of New York*, 31 Misc. 55; *Washburn* v. *Franklin*, 13 Abb. Pr. 140; 35 Barb. 599.)

In *Washburn* v. *Franklin* (35 Barb. 599) cited *supra*, at page 601 the court said:

" The principle in all these cases is, that a cause of action or defense given by a statute founded on grounds of public policy, conferred no vested right which could not be taken away by a similar statute, and that a repeal of a law which gave such right of action or defense, terminated all claim to such recovery or defense, although the contract was made previously.

" This rule is applicable to the present case. The defense to the contract was given by the statute against stockjobbing. *That statute was repealed after the contract was made. The repeal of the statute has taken away the defense of illegality, the same as if such statute never existed.*" (Italics mine.)

The foregoing quotation is directly applicable to the case at bar. Since the consideration of the contract of sale prohibited by the Eighteenth Amendment was morally good, the repeal of the Pro-

hibition Amendment validated the contract so that the plaintiff has the right to recover here.

As I have mentioned before, the Appellate Division of the First Department has recently considered this precise question and has found in favor of the plaintiff. (See *Bloch* v. *Frankfort Distillery, Inc.*, 247 App. Div. 864.) In that case the plaintiff sued to recover damages for breach of a contract of sale of 470 cases of whisky during the time the Prohibition Amendment was still in force. On motion for summary judgment the defense of illegality, based upon the Prohibition Amendment, was held to be of no avail, in view of the repeal of the prohibition law. On appeal to the Appellate Division the judgment was affirmed by a unanimous court.

In view of the decisions in the Supreme Court of the United States, cited *supra*, and the authorities in this State dealing with the repeal of prohibitory legislation, the point of law raised by the defendant here cannot be upheld.

Accordingly, I find for the plaintiff on the law and the facts for the amount of $342, together with interest and costs.