LIDO CAPITAL CORPORATION, a Domestic Corporation, Plaintiff, v. OTTO ESKELSEN, Defendant.*

Supreme Court, Special Term, Kings County, December 21, 1936.

*S. K. & M. B. Goldstein*, for the plaintiff.

*Jacob Hertz*, for the defendant.

STEINBRINK, J. The plaintiff sues to recover on an assigned claim for goods sold and delivered to the defendant. Both sides move for summary judgment upon the basis of a stipulation of facts which disclose that the goods sold and delivered consisted of intoxicating beverages containing more than one-half of one per cent of alcohol by volume; that the sale and delivery were made while the Eighteenth Amendment to the Constitution of the United

* See, also, *Lido Capital Corporation* v. *Vogel* (161 Misc. 48).

States was still in force; that neither the plaintiff nor its assignor, nor the defendant, were licensed to transport, deliver, furnish or possess any intoxicating beverage containing more than one-half of one per cent of alcohol by volume at the date of the said sale, and that the action herein was commenced after passage of the Twenty-first Amendment to the Constitution of the United States. The latter amendment contained no saving clause.

Relief under an illegal contract is denied not because the contract is void, but by reason of the fact that courts refuse to lend aid to a person who founds his cause of action upon his own immoral or illegal act. (*Reiner* v. *North American Newspaper Alliance*, 259 N. Y. 250; *Segal* v. *Chemical Importing & Mfg. Co.*, 205 App. Div. 220; *Goodrich* v. *Houghton*, 134 N. Y. 115; Restatement of the Law of Contracts, § 598.) The question here presented is whether relief will be granted under a contract, illegal when made, after the constitutional or statutory prohibition which rendered it illegal is repealed without any saving clause. While the authorities on this question are not in accord, the New York rule is that with repeal the parties to the contract are relieved of the consequences of the prohibition. This rule seems to be founded on the theory that since the public policy which impelled the courts to withhold aid from the wrongdoer no longer exists there remains no impediment to the enforcement of the contract. So a defense of usury is not available after repeal of the usury statute, even though the contract when made was deemed " void " under the statute repealed (*Curtis* v. *Leavitt*, 15 N. Y. 9); a contract made in violation of a statute enjoining the circulation of foreign bank bills under five dollars is enforcible after repeal of the statute (*Central Bank* v. *Empire Stone Dressing Co.*, 26 Barb. 23); a contract made in violation of a statute forbidding stock jobbing becomes valid by repeal of the statute (*Washburn* v. *Franklin*, 35 Barb. 599); a mortgage deemed invalid because improperly stamped gains validity upon repeal of the statute which imposed the penalty (*Hoppack* v. *Stone*, 49 Barb. 524); a contract of employment which provides for compensation at a rate below the prevailing rate required by statute becomes valid by repeal of the statute (*Bock* v. *City of N. Y.*, 31 Misc. 55).

The rule enunciated by the above cases was recently followed in *Bloch* v. *Frankfort Distillery, Inc.* (247 App. Div. 864), wherein an action was brought on a contract for the storage of bottled whisky, which contract was entered into while the National Prohibition Act was in force. The court held that the defense of illegality raised by the defendant was not available in view of the repeal of the Prohibition Act.

In view of the foregoing the defendant's motion for summary judgment is denied and the plaintiff's motion granted.