WILLIAM P. ABRAMS, Plaintiff, *v.* LEE MEYEROWITZ, Also Known as LEE MILLER, Defendant.

City Court of New York. Trial Term, New York County, September 10, 1940.

*A. Robert Teichner*, for the plaintiff.

*Albert Foreman*, for the defendant.

COLEMAN, J.    There is no doubt that the plaintiff and defendant were habitual violators of the National Prohibition Act; that the money advanced (itself the proceeds of an illegal transaction) was for the purpose of enabling the defendant to continue infractions of that act; that the purpose was well known to the plaintiff. and that the latter aided in its consummation.    These conclusions follow from the acts and conduct of the parties — implied as well as express.    (*Fidelity & Deposit Co.* v. *Palmer*, 252 App. Div. 55.) In such circumstances the plaintiff can have no relief from a court.

This much plaintiff seems to concede, but he insists that he is aided by the repeal of the statute.    Despite some decision to the contrary I cannot agree.    For an act which, when done, was made unlawful — criminal — by statute does not have its taint removed by the subsequent repea of the statute.    (*Fitzsimons* v. *Eagle Brewing Co.*, 107 F. [2d] 712; cf. *Holden* v. *Cosgrove*, 12 Gray [Mass.] 216.)    *Lido Capital Corp.* v. *Vogel* (161 Misc. 48), upon which plaintiff relies, is indeed a holding to the contrary, but that case, I believe, is based upon a misconception of the ruling in *Bloch* v. *Frankfort Distillery, Inc.* (247 App. Div. 864)    The Appellate Division did not write, and a reading of the record does not show, that the question suggested by the plaintiff — aider by repeal — was necessarily involved.    There both parties had carried on their activities in intoxicating liquors generally pursuant to

government license. The particular occurrence may have been related to an unlawful transaction, but it was not necessarily so, and the record at least raises a question as to whether it was. My own reading of the record satisfies me that the question was not involved, and that what brought about the forfeiture of the liquor, upon which the defense of illegality was based, was the fact that the permits for the sale were stolen, thus making the attempted withdrawal unlawful. But neither party was in any way involved in the theft, and but for that the transaction was altogether lawful. The affirmance by the Court of Appeals (273 N. Y. 469) was similarly without opinion. *Lido Capital Corp.* v. *Eskelsen* (162 Misc. 323) reaches the same conclusion as *Lido Capital Corp.* v. *Vogel,* and upon substantially the same grounds. Their reliance upon cases dealing with the repeal of usury laws and the like are, for the reasons indicated by Judge CLARK in the *Fitzsimons* case (*supra*), misplaced. The conduct of the parties here not merely gave rise to no legal rights as against one another; it subjected them to criminal prosecution.

There will be judgment for the defendant dismissing the complaint.