GOVERNMENT OF THE FRENCH REPUBLIC, Plaintiff, *v.* JOHN B. CABOT et al., Individually and as Trustees of Cabot Investment Co., et al., Defendants.*

Supreme Court, Special Term, New York County, November 12, 1947.

*Clarence U. Carruth, Jr., Eugene F. Russell, Jr.,* and *Flora Kirley* for defendants.

*Osmond K. Fraenkel* for plaintiff.

WALTER, J. Plaintiff sues for an accounting as to and a recovery of money it paid as the purchase price of motor trucks

* See, also, *North American Distr. Co.* v. *Distillers Factors Corp.,* 190 Misc. 221.—[REP.

and equipment.  Defendant Cabot counterclaims for damages allegedly resulting from plaintiff's refusal to take and pay for all the trucks it allegedly agreed to buy.  Plaintiff pleads as a defense to such counterclaim that the prices quoted to plaintiff for the trucks were in excess of those permitted by law to be charged for the trucks.  Defendants move to strike out that defense as insufficient.

The defense leaves much to be desired in the way of good pleading, but defendants treat it as alleging that the prices charged were in excess of the Office of Price Administration ceiling prices in effect at the time of that sale, and I shall treat it in the same way.

There is thus presented the question whether the fact that a seller has charged more than the Office of Price Administration ceiling prices prevents him from recovering damages for the buyer's failure to perform the contract.

It has been held that a seller who has charged more than the Office of Price Administration ceiling prices may not maintain an action for the unpaid purchase price (*International Spangles Corp.* v. *Marrow Mfg. Corp.*, 294 N. Y. 295), and it seems to me logically to follow a fortiori that such a seller may not recover damages for the buyer's failure to take and pay for the goods sold (Restatement, Contracts, § 598).

I recognize, of course, that not every contract which violates a statute is for that reason unenforcible.  Our Court of Appeals repeatedly has laid down that rule (*Rosasco Creameries, Inc.,* v. *Cohen,* 276 N. Y. 274; *Fosdick* v. *Investors Syndicate,* 266 N. Y. 130), and I myself have so held (*Bradford* v. *Durkee Marine Products Corp.*, 180 Misc. 1049).  But the fact, if it be a fact, that the Supreme Court of the United States has held that a seller's violation of another statute — The Robinson-Patman Price Discrimination Act (U. S. Code, tit. 15, §§ 13, 13a) — does not render unenforcible notes given for the purchase price of goods (*Bruce's Juices* v. *American Can Co.,* 330 U. S. 743), does not give a New York court leave to ignore or disregard the specific decision of our Court of Appeals with reference to the effect of violation of the identical statute here involved.  If the Supreme Court of the United States should reverse *International Spangles Corp.* v. *Marrow Mfg. Corp.* (294 N. Y. 295, *supra*) I assume it would be my duty to follow the reversal instead of that decision.  What my duty would be if in some other case the Supreme Court of the United States should announce a conclusion opposite to that reached by our Court of Appeals in *International Spangles Corp.* v. *Marrow*

*Mfg. Corp (supra)* is a problem I will decide if and when I am confronted with it. What is at least certain is that I cannot depart from *International Spangles Corp.* v. *Marrow Mfg. Corp.* (294 N. Y. 295, *supra*) on the basis of what the Supreme Court of the United States holds with respect to the effect of a violation of another statute.

Defendants further argue that, even if the defense would have been good prior to the removal of the ceiling prices, it is now insufficient because the ceiling prices have been removed.

That contention takes us into a wide field in which there has been a great amount of very unsatisfactory and very inconclusive discussion and in which I spent considerable time because I had no means of knowing that by the time I completed my work I would have the benefit of the decision of the Appellate Division in *Toll* v. *Friedman* (272 App. Div. 587).

If we state the premise as being that the illegality results in a void contract, or, more accurately, something that is not a contract at all, we very quickly reach the inescapable conclusion, announced in many cases, that subsequent repeal of the law which made the bargain illegal does not validate the contract, or, more accurately, does not cause a valid contract to come into existence (*New York & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473, 476, 477; *Willcox* v. *Edwards,* 162 Cal. 455, 461, where many authorities are cited; *Fitzsimons* v. *Eagle Brewing Co.,* 107 F. 2d 712, where many others are cited; *Schaun* v. *Brandt,* 116 Md. 560, 566; *Ludlow* v. *Hardy,* 38 Mich. 690; *Puckett* v. *Alexander,* 102 N. C. 95; *Bailey* v. *Mogg,* 4 Denio 60; 12 Am. Jur., Contracts, p. 660, n. 6, and cases there cited; 1913C Am. & Eng. Ann. Cas. 1398, and cases there cited; 12 L. R. A. [N. S.] p. 591, and cases there cited; Restatement, Contracts, § 609; 6 Williston on Contracts [Rev. ed.], § 1758; *Abrams* v. *Meyerowitz,* 175 Misc. 625).

If we state the premise as being that relief under an illegal contract is denied, not because the contract is void but because courts refuse to aid a party who founds his cause of action upon his own illegal act, then it is logical to argue that repeal of the statute making the act illegal removes all reason for refusing relief (*Lido Capital Corporation* v. *Eskelsen,* 162 Misc. 323, 324, criticized in *Fitzsimons* v. *Eagle Brewing Co.,* 107 F. 2d 712, 714, *supra,* and in 85 U. of Pa. L. Rev. 535, 536, where it is stated that the New York decisions are conflicting).

If we state the premise as being that no one has a vested right to a defense, we may logically conclude that repeal of the statute giving the defense of illegality takes away that defense and

hence permits recovery upon the contract which originally was affected with illegality (*Hoppock* v. *Stone,* 49 Barb. 524; *Central Bank* v. *Empire Stone Dressing Co.,* 26 Barb. 23; *Washburn* v. *Franklin,* 35 Barb. 599; *Lido Capital Corporation* v. *Vogel,* 161 Misc. 48; *Curtis* v. *Leavitt,* 15 N. Y. 9, 85, 152–153, 254).

Sketchy and not very helpful notes on the topic will be found in 46 Harvard Law Review 1340, 50 Harvard Law Review 834, 6 Brooklyn Law Review 470, 14 New York University Law Quarterly Review 536, 85 University of Pennsylvania Law Review 535, and 14 St. John's Law Review 403.

I do not think *Curtis* v. *Leavitt* (15 N. Y. 9, *supra*) is here controlling, for the only pertinent thing there held was that the statute which prohibits corporations from pleading usury was applicable to contracts made before the statute was enacted, and that seems to me very different from what is here presented.

I think that *Farber* v. *Aquino Sons, Inc.* (253 App. Div. 600) is also inapplicable, for there the contract, although made while the Eighteenth Amendment was still in force, was made in anticipation of its repeal and was to be performed after repeal.

*Bloch* v. *Frankfort Distillery, Inc.* (247 App. Div. 864, affd. 273 N. Y. 469) involved a contract for the sale of whiskey made while the Eighteenth Amendment was in force, and a recovery was sustained after repeal of that amendment despite a plea of illegality; but the contract there was also for the storage of whiskey and the breach for which recovery was had was that defendant changed the location thereof without notice and thereby caused plaintiff a loss of insurance when the whiskey was destroyed by fire. Therefore, in the absence of an opinion placing the decision upon the ground that repeal of the prohibition amendment had validated a contract which was illegal when made, I feel at liberty to assume that the decision was in fact rested upon the ground that the storage of the liquor and the loss of insurance by reason of a change in its location were so collateral to the sale of the liquor that they were not affected by the illegality of the sale and that the same recovery would have been allowed even if the Eighteenth Amendment had not been repealed.

I thus find no case which seems to me to require or justify the statement in *Kirsch* v. *Quality Fruit Wines Corporation* (68 N. Y. S. 2d 120), that the rule in New York is that repeal of a statutory prohibition relieves the parties to a prohibited contract of the consequences of the prohibition.

I conclude that, on the contrary, authority and reason support the view that where a bargain is affected with such illegality that an action upon it cannot be maintained there is lacking an essential element of a valid contract, and even if in some cases the Legislature might give the bargain binding force by a retroactive law (which is a separate question not involved in this case), a mere repeal of the law which made the bargain illegal when made does not transform the illegal and ineffective bargain into a valid and enforcible contract.

Whatever doubt I ever had on the point is removed by the Appellate Division's announcement in *Toll* v. *Friedman* (272 App. Div. 587, *supra*) that I have not misinterpreted *Curtis* v. *Leavitt* (*supra*), *Bloch* v. *Frankfort Distillery, Inc.* (*supra*) and *Farber* v. *Aquino & Sons, Inc.* (*supra*).

The motion to strike out the third defense in plaintiff's reply is therefore denied.