AMERICAN PURCHASING COMPANY, INC., Plaintiff, *v.* PHILIP LANDWEHR, Defendant.

Supreme Court, Trial Term, New York County, June 4, 1948.

*Deane Ramey* for plaintiff.

*Richard Burke* for defendant.

BENVENGA, J. This is a motion to set aside the verdict of the jury on defendant's second and third counterclaims. The counterclaims are for a breach of certain contracts for the purchase of 5,100 pairs of coveralls and the basis of the motion is that the contracts are illegal and unenforcible. It is alleged that the coveralls were acquired by means of sales documents issued by the WAA (War Assets Administration) to certain war veterans; that the acquisition of such sales documents by the defendant was illegal, and that any contract based thereon is likewise illegal and unenforcible.

The question presented involves the construction and application of section 16 of the Surplus Property Act of 1944 (U. S. Code, tit. 50, Appendix, § 1625). That section, so far as pertinent, authorizes the WAA to prescribe regulations for the purpose of aiding veterans to acquire surplus property "for their own personal use", and "to enable them to establish and maintain their own small business, professional, or agricultural enterprises."

Under the regulations promulgated by the WAA, surplus property may be acquired by veterans: (1) "For their own personal use"; (2) "For use in establishing and maintaining their own small business, professional, or agricultural enterprises"; and (3) "for the purpose of resale". (Code of Fed. Reg., tit. 32, 1947 Supp., §§ 8302.4, 8302.5.)

The regulations, moreover, make a distinction between property to be acquired for use by the veteran and property to be acquired for resale. In the former case, the property is set aside for the veteran and must be used by him. It must be applied either to his own personal use, or used by him in maintaining and establishing his own small business, professional, or agricultural enterprise. (Code of Fed. Reg., tit. 32, 1947 Supp., § 8302.4.) The property so acquired cannot be sold, transferred or disposed of to others. (Code of Fed. Reg., tit. 32, 1947 Supp., § 8302.9.)

In the latter case the veteran is entitled to a priority over nonveterans (Code of Fed. Reg., tit. 32, 1947 Supp., § 8302.5) upon satisfactory proof that the property is being acquired to enable the veteran to establish or maintain his own small business, profession or agricultural enterprise (Code of Fed. Reg., tit. 32, 1947 Supp., § 8302.9). The property thus acquired may be sold, transferred or disposed of to others, but only in the "regular" course of the veteran's business (Code of Fed. Reg., tit. 32, 1947 Supp., § 8302.9). "Title to property being acquired by priority * * * shall not be transferred by the disposal agency to any person other than the acquiring priority claimant * * *. The priorities granted * * * may not be assigned nor transferred" to others (Code of Fed. Reg., tit. 32, 1947 Supp., § 8302.9).

Clearly, therefore, the only way in which a third person may lawfully obtain title to, and possession of property acquired by a priority claimant is by means of a bona fide sale of such property in the ordinary and regular course of the veteran's business; that is to say, after the veteran has himself lawfully

acquired title to, and possession of such property in accordance with the provisions of the Surplus Property Act and the Federal regulations promulgated thereunder. Did the agreement between the parties contemplate a bona fide sale of property in the regular course of the veteran's own small business, as distinguished from a mere assignment or transfer of the sales documents?

The evidence shows that the defendant purchased the sales documents in question from the Market Sales Company; that that company, in turn, purchased them from veterans (presumably wholesalers), who had ostensibly acquired the property for the purpose of resale. The exhibits offered and received in evidence (in particular, Exs. P, Q, R, S) clearly show that the transaction did not involve the bona fide resale of property in the ordinary and regular course of the veteran's small business, but an assignment or transfer of the sales documents; in other words, of the priorities evidenced by those documents.

Not only is such assignment or transfer prohibited by the Federal act and the regulations promulgated thereunder, but section 26 of the Federal Act (U. S. Code, tit. 50, Appendix, § 1635) also provides that any person who shall use or engage in, or cause to be used or engaged in, "any fraudulent trick, scheme, or device" for the purpose of securing or obtaining any surplus property, or who enters into an agreement or conspiracy to do so, is liable to an action for a civil penalty as well as criminal prosecution therefor.

Subsequent events would seem to indicate that the sales documents were obtained by means of fraud. But even if that conclusion is unwarranted, the fact remains that the property evidenced by the sales documents was not resold in the regular course of the veteran's own small business, but that all the transactions involved the assignment or transfer of the documents themselves. Indeed, there is no evidence to show that the veterans whose names appear on the sales documents ever acquired actual possession of the property; nor is there any evidence to show that the property ever left the possession of the WAA. In any event, the assignment or transfer of the sales documents or the priorities evidenced thereby being illegal, any agreement contemplating such assignment or transfer is likewise illegal and unenforcible (*International Spangles Corp.* v. *Marrow Mfg. Corp.*, 294 N. Y. 295, 299; *Marrow Mfg. Corp.* v. *Eitinger*, 296 N. Y. 760; *Marrow Mfg. Corp.* v. *Eitinger*

*Bead Co.,* 296 N. Y. 762; *Marrow Mfg. Co.* v. *Walco Bead Co.,* 296 N. Y. 764; *Edsil Trading Corp.* v. *Minder & Sons, Inc.,* 297 N. Y. 313; *Toll* v. *Friedman,* 272 App. Div. 587; *Government of French Republic* v. *Cabot,* 190 Misc. 517). No right of action can spring out of an illegal contract (*Carmine* v. *Murphy,* 285 N. Y. 413, 416).

Motion to set aside the verdict of the jury is granted.