LICZNERSKI v. UNITED STATES et al.
No. 8191.

United States District Court
E. D. Pennsylvania.
Feb. 1, 1949.

Meyer, Lasch, Hankin & Poul, of Philadelphia, Pa., for plaintiff.

838

Leon Rosenfield, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a suit brought under 38 U.S.C.A. § 817, as amended, providing that "In the event of disagreement as to any claim" arising under the National Service Life Insurance Act of 1940, an action on the claim may be brought against the United States. Plaintiff asserts her right to the benefits under an insurance policy in a dual capacity: as mother and natural guardian of her daughter, a minor, and also in her own right, as the wife of insured. The United States has impleaded Helen Rickards, the mother of plaintiff's deceased husband, and a cross-claim on behalf of the minor daughter has been asserted against Helen Rickards who is her grandmother. Both parties to the cross-claim have moved for judgment: plaintiff for judgment on the pleadings and defendant for summary judgment. Cf. Rule 12(c), Rules of Civil Procedure, as amended, 28 U.S.C.A. After hearing argument on the motions, and examining the pleadings and the evidence before the Court, and interrogating counsel, the following appear to me to be material facts existing without material controversy:

1. The plaintiff, Fannie J. Licznerski, and her minor daughter, Arlene Janet, are the widow and daughter respectively of John W. Licznerski, Jr., deceased, who was a citizen of the United States prior to his death, residing in the Eastern District of Pennsylvania.

2. John W. Licznerski, Jr., enlisted in the Armed Forces of the United States on January 22, 1943, and was honorably discharged for medical reasons on October 3, 1943. While in service, deceased applied for and was granted a National Service Life Insurance Policy in the amount of $10,000. In the policy he named his wife, Fannie, principal beneficiary for the full amount and his daughter, Arlene, contingent beneficiary. This action is based upon that contract of National Service Life Insurance between defendant, the United States, and deceased.

3. Deceased, at the time of his discharge, was suffering from tuberculosis, and on January 28, 1944, entered the Veterans' Administration Hospital at Castle Point, New York, for treatment. A few days later, he was discharged from the hospital because of absence without official leave. He then went to live with his mother, Helen Rickards, where he remained until he died on July 10, 1944.

4. On March 30, 1944, deceased executed a "Change of Beneficiary" form, naming his mother, Helen Rickards, and his daughter, Arlene, as principal beneficiaries in equal shares, and his daughter as contingent beneficiary for the full amount.

5. On May 29, 1944, deceased executed another form naming his mother as principal beneficiary for the full amount of the insurance, and his daughter as contingent beneficiary.

6. After insured died, an action was brought in the Court of Common Pleas of Philadelphia County No. 5, June Term, 1944, No. 1890. On July 14, 1944, defendant Helen Rickards signed the following writing:

"Know All Men By These Presents, that I, Helen Licznerski, also known as Helen Rickards, do hereby release, remise, assign and set over all my right, title and interest in and to a certain war risk policy of insurance wherein my son John W. Licznerski is the insured, and since about April 18, 1944, I have been named as beneficiary, being Policy No. 8408723, unto my granddaughter, Arlene Janet Licznerski, also the daughter of the said John W. Licznerski, or to her duly appointed guardian.

"This assignment of my interest in the said policy unto my said granddaughter aforesaid is in accordance with stipulation entered in the Court of Common pleas No. 5 on a certain Bill in Equity which was heard on July 14, 1944, before the Honorable Vincent A. Carroll; and I do hereby further agree to sign any and all additional papers that may be required to effectuate this assignment in law, or that the Veterans Administration or the particular govern-

mental agency in charge of the said policy of insurance may require.

"In Witness Whereof, I have hereunto set my hand and seal this fourteenth (14th) day of July, A.D. 1944."

/S/ "Mrs. Helen Rickards. (SEAL)"

/S/ "Helen Licznerski"

7. This document was submitted to the Veterans' Administration to have the assignment effectuated, but was returned to plaintiff with the statement that the law did not allow the making of such assignments.

8. Plaintiff filed a formal claim for insurance benefits with the Veterans' Administration on September 27, 1947. On November 26, 1947 the Veterans' Administration wrote defendant Helen Rickards acknowledging receipt of her claim for benefits under the policy and inquiring whether it was still her desire to assign her rights to the insurance to her granddaughter. On December 10, 1947, plaintiff's claim was denied by the Veterans' Administration and notice was sent plaintiff in a registered letter, dated December 19, 1947.

9. No payment of benefits under the policy has been made as yet, and the policy itself was in full force and effect on the date of the death of insured.

### Discussion

The cross-claim and motions for judgment upon it raise only the issue of the effect of the document signed by defendant in July, 1944. Plaintiff's original complaint alleges, in addition, that the two changes in beneficiary executed by her husband were the result of undue influence. The issues raised by this phase of the case are not relevant to this motion.

At the time Helen Rickards executed the crucial document the applicable law provided, 38 U.S.C.A. §§ 454a, 816:

"*Payments of benefits due or to become due shall not be assignable,* and such payments made to \* \* \* a beneficiary \* \* \* shall be exempt from taxation, \* \* \* from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever \* \* \*." (Emphasis supplied.)

On August 1, 1946, the applicable law was amended to read, 38 U.S.C.A. § 816:

" \* \* \* assignments of all or any part of the beneficiary's interest may be made by a designated beneficiary to a widow, widower, child, father, mother, grandfather, grandmother, brother, or sister of the insured, when the designated contingent beneficiary, if any, joins the beneficiary in the assignment, and if the assignment is delivered to the Veterans' Administration before any payments of the insurance shall have been made to the beneficiary \* \* \*."

Defendant's position on the cross-claim is that the purported assignment was prohibited by statute when made in July, 1944, and cannot, therefore, form the basis of plaintiff's claim. Plaintiff contends that the document was not an assignment, but a release, and, in any event, was validated by a change in the applicable law.

Were there no change in the statute in this case, and plaintiff had to rely entirely upon her contention that the transaction was not an assignment, I think her suit would fail. While some courts have strained to circumvent the prohibition against assignments, e. g. Bostrom v. Bostrom, 60 N.D. 792, 236 N.W. 732, recent decisions have enforced the statute rigidly. Cf. Bradley v. United States, 10 Cir., 143 F.2d 573; Tompkins v. Tompkins, 132 N.J.L. 217, 38 A.2d 890. Thus, in Robertson v. McSpadden, D.C., 46 F.2d 702, the fact that the parties to an assignment had formalized it by a consent decree in a state court did not protect it against the statutory prohibition. Regarding this document as anything but an assignment would, I feel, be a strained construction. It is true, as plaintiff points out, that the child's right to receive the proceeds as contingent beneficiary stems from the insured's designation, not from any action on the part of Helen Rickards. But that right, as I understand it, and the policy may indicate otherwise, would not be hers until and unless Helen Rickards predeceased her. Therefore, the right she now claims to receive the proceeds comes not from the

insured but by virtue of a transfer from Helen Rickards.

However, I feel that the change in the applicable statute under the circumstances of this case is highly significant. It is true, as defendant contends, that the 1946 statute contains no indication that it was meant to operate retroactively and expressly validate past assignments. Nor can I discover anything in the legislative history to support such a view. It is also correct that the majority view is that illegal bargains will not be enforced even though the law has been changed so that the transaction would be legal if entered into again. See Fitzsimons v. Eagle Brewing Co., 3 Cir., 107 F.2d 712, 126 A.L.R. 681; Restatement of Contracts, Sec. 609. For authority to the contrary, see 50 Harv.Law Rev. 834, noting Lido Capital Corp. v. Eskelsen, 162 Misc. 323, 295 N.Y.S. 163; cases collected in 126 A.L.R. 685; 698; Williston, On Contracts, at 4994. Yet this is not the usual case involving an illegal bargain. The rule that courts will not lend their process to aid a party to such a transaction is based upon two related considerations: one, the plaintiff is a wrongdoer, and to such a person the law denies relief; two, illegal bargains will thereby be diminished. See Restatement, supra, at p. 1110; Fitzsimons v. Eagle Brewing Co., supra, 107 F.2d 712, at page 713. However, in the instant case, neither of these considerations apply with their usual force. First of all, the government has impleaded Helen Rickards and asked the court to direct it as to whether she or Fannie Licznerski, the plaintiff, is entitled to the benefits under the policy. Therefore, the court must lend its positive process to aid one wrongdoer or the other, and I doubt whether the fact that Fannie Licznerski is the technical plaintiff ought to be significant. In addition, the propriety of characterizing plaintiff as a wrongdoer for the purpose of this argument is questionable in view of her position that the assignment was executed in settlement of a case at the suggestion of a judge. These may not be the facts, of course, but at this stage of the proceedings, plaintiff's version at least gives me pause before automatically applying the usual rule governing illegal transactions. Secondly, the original assignment was not the sort of transaction the law was primarily aimed at. The policy behind the prohibition was to protect the serviceman's attempt to provide for his beneficiary. The 1940 Act, therefore, limited to the family group the people to whom he could leave the insurance benefits, prevented the named beneficiaries from assigning the money due to anyone else, and protected them from taxation, the claims of creditors, and any sort of attachment. 38 U.S.C.A. §§ 802, 816. The same policy motivates the 1946 amendment which still prohibits assignments except within the named close family group. While the assignment to deceased's daughter in the instant case technically violated the blanket prohibition then in force, it is difficult to regard it as seriously injuring or nullifying the basic policy behind the statute. Therefore, while the argument that illegal transactions should be discouraged is a strong one, it does not seem to me to apply with customary vigor in the instant case.

■ However, I do not think judgment for either party on the cross-claim should be entered on this record. I think the facts as to the proceeding in the Common Pleas Court should be made clear, and the record of it introduced here. In view of the relationship of the parties on the cross-claim, grandmother and granddaughter, it may be significant whether undue advantage was taken of the latter, and what passed as consideration to the former. Cf. Restatement, supra, Secs. 599, 604. In addition, the insurance policy itself should be in evidence to see what light it sheds, if any, upon the contention that if defendant renounced her right plaintiff would become the beneficiary. Therefore, I deny both motions for judgment at this time. A further hearing will be held on the cross-claim at which the facts specified in the earlier portion of this opinion shall be taken as established. Cf. Rule 56(d), Rules of Civil Procedure. An order will be entered in accordance with this opinion.