## LICZNERSKI et al. v. UNITED STATES et al.

### Civ. A. No. 8191.

United States District Court
E. D. Pennsylvania.
March 11, 1949.

Milford J. Meyer and John V. Horan, both of Philadelphia, Pa., for plaintiffs.

Leon Rosenfield, of Philadelphia, Pa., for defendant Rickards.

McGRANERY, District Judge.

The facts in this case have been set out fully in my opinion of February 1, 1949, D.C., 81 F.Supp. 837. Briefly, the question is the proper disposal of the proceeds of a veteran's life insurance policy. A cross-claim between the contending parties squarely raised the issue of the validity of an alleged assignment of the rights under the policy. Both parties to the cross-

claim moved for judgment. Cf. Rule 12(c), Rules of Civil Procedure, 28 U.S.C.A. After hearing argument on the motions and examining the pleadings and evidence before the Court and interrogating counsel, I entered an order designating certain material facts which were without substantial controversy, and directed a further hearing. Cf. Rule 56(d), Rules of Civil Procedure. At the hearing, counsel for defendant took the position that the only issue before the Court was one of law, and objected to the introduction of any further evidence, on the ground that it was irrelevant. I do not think this position is altogether correct, for a number of reasons. For one thing, the presence of fraud or undue advantage might be significant. Cf. Restatement, Contracts, Sec. 599. For another, one of plaintiff's arguments was that the crucial transaction was not an "assignment", but a release or renunciation of rights, and therefore, not covered by the statutory prohibition. The terms of the policy itself might shed some light upon this contention. Defendant's position on the cross-claim is that the assignment was illegal when made and cannot be enforced now even though the law has been changed in the meantime. My reasons for not agreeing with this contention are made clear in the opinion of February 1st. However, enforcing the assignment now would, I realize, be a departure from the majority view in these matters, although the facts are such that I feel a departure is warranted. Therefore, if there were any other factors which might justify holding defendant to her bargain, it might not be necessary to squarely rule that the change in the law, in the circumstances of this case, makes the contract enforcible. However, nothing brought forth at the hearing indicated that plaintiff could substantiate any of these possibilities or that there is any substantial controversy along these lines, either. In addition, the stipulations placed in the record at that time introduced nothing material into the case that was not already designated in my order of February 1st as a fact not in substantial controversy. Therefore, it is my view that the validity of the agreement must, as defendant contends, be squarely decided as a matter of law upon the facts designated in my order of February 1st. Whether I formally strike the evidence at the hearing from the record or make explicit my intention to decide solely on the facts designated in the order does not seem to me to be important. In either event, the substance of defendant's position is taken and he cannot be prejudiced by the hearing. Moreover, any ruling now, for reasons explained below, is not and cannot be res judicata on the point. It was the position of both parties at the hearing that the issue raised by the cross-claim should be decided by the Court, and this I shall do, as if the motions of both for judgment prior to the hearing had been formally renewed.

Accordingly, therefore, it is my feeling that the change in the applicable statute, on the facts of this case, allows plaintiff to enforce the agreement entered into on July 14, 1944. My reasons for so holding are stated in the opinion of February 1st, and it does not now appear to me to matter whether the agreement was entered into at the suggestion of a judge or in the manner described in the instrument itself. The original complaint in this action was brought against the government and the relief sought was the recovery of the money due plaintiff under the insurance policy. The cross-claim brought against Helen Rickards, asks, in effect, for specific enforcement of the agreement of July 14, 1944, and a judgment of $10,000, in addition. Whether an order directed to Helen Rickards is necessary or proper cannot be decided on this record. It may be that no further papers need be filed by her to enable the Veterans Administration to put the assignment into effect. In that event, an order directing the government to pay the benefits to plaintiff will make it unnecessary to order Helen Rickards to do anything and will grant the relief prayed for by the government in its counterclaim for interpleader. In addition, if further action on the part of Helen Rickards is necessary, it might be necessary to establish that a remedy of damages is so inadequate as to justify specific performance. Therefore, I think that the most that can properly be done now would be less than a complete disposal of the case. The Circuit Court of Appeals for this Circuit has only recently

pointed out that there can actually be no "partial summary judgment". See Coffman v. Federal Laboratories, 3 Cir., 171 F.2d 94, 98. At the time of trial of the other issues in the case or at some future hearing when judgment in the whole proceeding can be entered, my interpretation of the validity of the agreement can acquire binding force. Until then, it is analogous to a pre-trial order. See Coffman v. Federal Laboratories, supra.