**LICZNERSKI et al. v. UNITED STATES et al.**

**Civ. A. No. 8191.**

United States District Court
E. D. Pennsylvania.

Aug. 11, 1949.

John V. Horan, Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., for defendant United States of America.

Leon Rosenfield, Philadelphia, Pa., for defendant Rickards.

McGRANERY, District Judge.

This suit was brought under 38 U.S.C.A. § 817, as amended, raising the issue of the proper disposal of the proceeds of a veteran's National Service Life Insurance Policy. Two opinions of a preliminary nature have already been filed in this case: D.C. Feb. 1, 1949, 81 F.Supp. 837 and D.C. March 11, 1949, 83 F.Supp. 453. Now the parties have stipulated that the controversy may be decided by the Court as a "case stated", with the right reserved to each of the parties to appeal, upon facts as follows:

1. This is an action brought under Title 38 U.S.C.A. § 817, as amended, by Fannie J. Licznerski, mother and natural guardian of Arlene Janet Licznerski, her daughter, a minor and Fannie J. Licznerski, in her own right, against the United States of America to recover the proceeds of a National Service Life Insurance Policy which the Veterans Administration, on December 9, 1947 decided to pay to Helen Rickards.

2. Fannie J. Licznerski is the widow of John W. Licznerski, Jr., hereinafter called the insured.

3. Arlene Janet Licznerski, a minor, is the only child of the insured and said Fannie J. Licznerski.

4. Helen Rickards is the mother of the insured.

5. The insured enlisted in the Army of the United States on January 22, 1943 and was honorably discharged therefrom for medical reasons on October 3, 1943. During this time a National Service Life Insurance Policy No. N-8,408,723 in the amount of $10,000.00 was issued to him.

6. The insured originally designated his wife as beneficiary of the policy and his daughter as contingent beneficiary. On March 30, 1944, while he was living with his mother, the insured executed a change of beneficiary in which he designated his mother and his child as beneficiaries in equal shares, and his child as contingent beneficiary. On May 29, 1944 he executed another change of beneficiary in which he designated his mother as beneficiary and his child as contingent beneficiary.

7. The insured died on July 10, 1944. The policy was in full force and effect at the time.

8. Thereupon a dispute arose between his mother and his widow with respect to his burial, as a result of which a bill in equity was filed in the Court of Common Pleas No. 5 of Philadelphia County, to June Term, 1944, No. 1890. In accordance with a stipulation entered into therein, the mother executed a writing, prepared by her attorney, as follows:

"Know All Men By These Presents, that I, Helen Licznerski, also known as Helen Rickards, do hereby release, remise, assign and set over all my right, title and interest in and to a certain war risk policy of insurance wherein my son John W. Licznerski is the insured, and since about April 18, 1944, I have been named as beneficiary, being Policy No. 8408723, unto my granddaughter, Arlene Janet Licznerski, also the daughter of the said John W. Licznerski, or to her duly appointed guardian.

"This assignment of my interest in the said policy unto my said granddaughter aforesaid is in accordance with stipulation entered in the Court of Common Pleas No. 5 on a certain Bill in Equity which was heard on July 14, 1944, before the Honorable Vincent A. Carroll; and I do hereby further agree to sign any and all additional papers that may be required to effectuate this assignment in law, or that the Veterans Administration or the particular governmental agency in charge of the said policy of insurance may require.

"In Witness Whereof, I have hereunto set my hand and seal this fourteenth (14th) day of July, A.D. 1944.

"Witnessed by:
Charles F. Rickards
/s/ Mrs. Helen Rickards (Seal)
/s/ Helen Licznerski"

9. The mother, widow and child each filed formal claims with the Veterans Administration for the proceeds of the policy. The claim of the child was based upon the above writing.

10. On November 26, 1947 the Veterans Administration, in a letter acknowledging receipt of the claim of Helen Rickards, asked her whether it was still her desire to assign her rights to the insurance to the minor. She replied that she had no such desire.

11. In its claim for an interpleader, the United States admits liability under the policy and is ready and willing to pay the proceeds thereof to whichever one of the interpleaded parties who is found to be entitled thereto by the Court. No payments have ever been made on the policy.

12. After the parties were interpleaded, the widow renounced and abandoned all claim to the proceeds of said policy in her own right, and is now a party to this action only as the natural guardian of the child.

13. There is no assertion of fraud or undue influence raised by any of the parties hereto. It is agreed that the proceeds of said policy are payable either to the mother or to the child of the insured according to the effect of the foregoing facts.

Thus, the issue of the validity of the agreement of July 14, 1944, above quoted, is squarely raised. For the reasons I stated in my opinion of February 1, 1949, supra, and in accordance with my opinion of March 11, 1949, I hold that the agreement is enforceable. An appropriate order will be entered awarding judgment to the minor, Arlene Janet Licznerski, by Fannie J. Licznerski, her guardian, and against Fannie J. Licznerski, in her own right, and Helen Rickards, for the proceeds of the National Service Life Insurance Policy herein sued upon.